## BOYD *v.* ALABAMA.

The defendant, having been indicted under a statute of Alabama for setting up and carrying on a lottery without legislative authority, claimed in defence a right to set up and carry on the lottery in question under a subsequent statute passed on the 10th of October, 1868 : this latter statute was repealed in March, 1871. It was admitted on the trial that the acts charged against the defendant were done under that statute, and would be legal if the statute were constitutional, and had not been repealed. That statute required the defendant, and certain other parties associated with him, before exercising the right claimed, to deposit in the treasury of the State, to the credit of the school fund, and for educational purposes, $2,000, and annually thereafter the same sum for twenty years, or so long as they might do business under the act; and that sum had been deposited. Under a previous indictment against the same defendant for a similar offence, the Supreme Court of the State had held

that the statute in question constituted a contract, and that the repealing act was, for that reason, void. In that case, the only matter before the court was the meaning of the statute : its constitutionality was not called in question. On the trial of the case at bar, the defendant relied upon that decision of the court, but he was, nevertheless, convicted and sentenced. On appeal to the Supreme Court of the State, the judgment was affirmed, the court deciding that the statute of Oct. 10, 1868, was unconstitutional. *Held*, that the previous adjudication of the court upon the meaning of the statute — that it constituted a contract between the defendant and the State — did not estop the State from denying its constitutionality in the present case, nor conclude the court upon that question, although the point might have been raised and determined in the first instance.

ERROR to the Supreme Court of the State of Alabama.

*Mr. S. F. Rice* for the plaintiff in error.

*Mr. John T. Morgan* and *Mr. P. Phillips* for the defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

On the 10th of October, 1868, the legislature of the State of Alabama passed an act, entitled " An Act to establish a mutual aid association, and to raise funds for the common-school system of Alabama." The act had a very fair and promising appearance, and to the casual reader would seem designed to promote the cause of science and art, advance education, and diffuse knowledge. Certain persons named in the act, and their associates, were given the right to form themselves into a partnership association for the distribution of books, paintings, works of art, scientific instruments and apparatus, lands and tenements, stock and currency, and such other valuables as should promote the object of the association ; the distribution to be made by awards and prizes, under such rules and regulations as the parties might adopt, and in such places as they might select. The parties were also authorized to receive subscriptions and to sell certificates of subscription, which should entitle the holders to such articles as might be awarded to them, or their equivalent in currency ; the distribution to be made in public, after due advertisement, by lot, chance, or otherwise, according to the rules and regulations established. And it was made the duty of the parties to offer premiums and prizes to the citizens of Alabama " for the best essays in science and art, and the most deserving works of art, and the most useful inventions in the mechan-

ical sciences." And before commencing business under the act, that is to say, before entering upon the career of public benefactions thus conspicuously set forth, the parties were required to deposit in the treasury of the State, to the credit of the school fund, and for educational purposes, $2,000, and annually thereafter the same sum for twenty years, or so long as they might do business under the act.

Nothing could seem to be of greater public utility than the objects contemplated by the enactment; yet, under its general and comprehensive language, license is claimed to set up and carry on lotteries for money, and to sell tickets in such lotteries; and it does not appear that any other use has ever been made of the right or privilege granted. None of the many objects mentioned, except currency, have been offered for distribution. This act was repealed in March, 1871. Before it was passed, there was a statute of the State prohibiting lotteries and imposing a fine, on conviction, of not less than $100 nor more than $2,000, upon any person setting up or carrying on a lottery, or concerned in setting up or carrying it on, without legislative authority. That statute remains unrepealed. Under this statute the defendant was indicted in the city court of Mobile for setting up and carrying on a lottery without legislative authority, and was convicted and sentenced to pay a fine of $1,000. On appeal to the Supreme Court of the State the judgment was affirmed. Revised Code of Alabama, sect. 3,616.

On the trial, the defendant admitted that he had been engaged in setting up and carrying on a lottery in the city of Mobile within twelve months before the finding of the indictment, but claimed a license for that purpose under the statute of 1868, he being one of the persons named therein. And the State admitted that the defendant had paid the money required by the statute of 1868 into the treasury in November of the previous year, and that the acts with which he was charged were done under that statute, and would be legal if the statute were constitutional, and it were not subsequently repealed.

The questions thus presented for our consideration relate to the constitutionality of the act of 1868, and the effect upon the right or privilege there conferred of the repealing act of 1871. The defendant contends that the right or privilege to set up

and carry on lotteries in the State, conferred by the act, rests on a contract of the State, a consideration being given for its grant by the prescribed yearly payment into the treasury, and that the repealing act cannot, therefore, impair it. In consequence of a previous adjudication of the Supreme Court of the State, construing the act as creating a contract with the persons therein named, the defendant further contends that the State is estopped from denying its constitutionality.

It is true, that, in a former case against the same defendant, upon an indictment of a similar kind, for a previous offence of setting up and carrying on a lottery, the Supreme Court of the State held that the statute in question constituted a contract, and that the repealing act was for that reason void. But in that case the only subject before the court was the meaning of the statute, — whether its provisions in their terms amounted to a contract which a subsequent enactment could not impair. The constitutionality of the act was not drawn in question; that was not denied.

Courts seldom undertake, in any case, to pass upon the validity of legislation, where the question is not made by the parties. Their habit is to meet questions of that kind when they are raised, but not to anticipate them. Until then, they will construe the acts presented for consideration, define their meaning, and enforce their provisions. The fact that acts may in this way have been often before the court is never deemed a reason for not subsequently considering their validity when that question is presented. Previous adjudications upon other points do not operate as an estoppel against the parties in new cases, nor conclude the court, upon the constitutionality of the acts, because that point might have been raised and determined in the first instance. So when, in the present case, the point was taken for the first time against the constitutionality of the act of 1868, the court was not precluded by the previous decisions from freely considering and determining it. Having considered it, the court came to the conclusion that the act could not be sustained. It appears that the Constitution of the State declares that " each law shall contain but one subject, which shall be clearly expressed in its title." The object of this provision, said the court, was to prevent abuses which had grown up, to

the scandal of legislative bodies; and, using the language of a previous decision, to prevent deception, by including in a bill matters incongruous with the title. Whilst observing that it was necessary to be careful in the application of the doctrine, so as not to cripple and embarrass legislation, and expressing doubts whether the act authorizes a lottery for money, the court said: " But, granting that this right to set up and carry on a lottery is conferred in the body of the statute, it is not expressed in the title. Never was language employed less apt to convey to the mind, learned or unlearned, the idea that the partnership association, the mutual aid society, was to be an undisguised lottery, and that the encouragement of letters, the promotion of science and the arts, which it proposed, was the uncertain prize in currency which might fall to the ticket-holder; " and, because the object is not thus expressed, the act was declared to be unconstitutional. We cannot refuse to give effect to that decision. It is the province of the Supreme Court of the State to construe its own Constitution and laws; and, when it decides that one of its laws is not authorized by its Constitution, it is not for us to deny the correctness of the decision, when there is no evasion in this way of Federal authority.

The act of 1868 being unconstitutional, the contention of the defendant, that it constitutes a contract, repealable or irrepealable, falls to the ground; and he is left to meet the indictment, founded upon a statute confessedly constitutional, in the best way he can. If he has been misled by previous adjudications of the State courts, his relief from the present judgment must be sought from the clemency of the Executive. This court can afford him none.

These views dispose of the case, and require an affirmance of the judgment; but, before closing this opinion, it is proper to make one or two observations, to prevent misconstruction.

1st, While the State has seen proper, through its prosecuting officer, to admit that if the statute of 1868 were constitutional, and had not been repealed, the acts charged against the defendant would be legal, we do not wish to be considered as adopting this conclusion, because we have not called it in question. The observations of the learned justice, who gave the opinion of the Supreme Court of the State, strikes us as worthy of serious

consideration; and he says, after commenting upon the facts, that it is questionable whether the court could affirm that the statute, even if there were no doubt of its constitutionality, authorized the setting up of the lottery in this case; and,

2d, We are not prepared to admit that it is competent for one legislature, by any contract with an individual, to restrain the power of a subsequent legislature to legislate for the public welfare, and to that end to suppress any and all practices tending to corrupt the public morals. See *Moore* v. *The State*, 48 Miss. 147; *Metropolitan Board of Excise* v. *Barrie*, 34 N. Y. 663.       *Judgment affirmed.*