**WESTERGREEN et al. v. HOUSTON TERMINAL LAND CO.  (No. 3220.)**

(Court of Civil Appeals of Texas. Texarkana. April 27, 1926. Rehearing Denied May 20, 1926.)

**1. Adverse possession** ⟜115(1).

Conflicting evidence on adverse possession presents jury question.

**2. Judgment** ⟜586(1).

Failure to establish right by naked occupancy to one tract of land is no bar to same character of claim to different tract.

**3. Judgment** ⟜584.

Estoppel by judgment applies to issues of fact, not to evidence by which such issues are to be determined.

**4. Judgment** ⟜586(2)—Judgment in former suit between same parties. determining issue of adverse possession of portion of land included within tract claimed held not bar to suit for another portion within tract.

Where defense in suit to recover land set up adverse possession of larger tract, including tract involved, judgment in former case between same parties on issue of adverse possesson of different tract from that involved, but included within larger tract, *held* no bar to proof of title by limitation to tract presently involved.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by the Houston Terminal Land Company against E. F. Westergreen and others. Judgment for plaintiff, entered on an instructed verdict, and defendants appeal. Reversed and remanded for new trial.

McVey & Ginn, of Houston, for appellants.
Andrews, Streetman, Logue & Mobley and S. T. Deason, all of Houston, for appellee.

HODGES, J. This suit was filed in March, 1922, by the appellee to recover 15 acres of land described as a part of the Harrison and Wilson survey situated in Harris county, and apparently in the suburbs of Houston. The appellants are the children and grandchildren of August and Rosina Ludtke, both of whom are now dead. E. F. Westergreen is joined pro forma as the husband of Annie Westergreen. George Ludwig and wife, Maude Ludwig, were made parties defendant, but are not heirs of August and Rosina Ludtke. The plaintiff's petition was in the form of an ordinary action of trespass to try title.

Defendants Annie Westergreen, E. F. Westergreen, P. P. Ludtke, and S. C. Ludtke answered generally, and pleaded the ten-year statute of limitation in the following form; they alleging:

"That defendants' father and mother, August Ludtke and Rosina Ludtke, prior to the year 1872, took possession of the following described land and premises under a claim of right, and continued actual, notorious, visible possession thereof for more than ten years before the filing of this suit, claiming said land and premises adverse to all the world and plaintiff's grantors, said land so taken possession of by the said August Ludtke and Rosina Ludtke being described as follows, to wit: [Then follows a description by metes and bounds of a large tract of land, consisting, it is stated in appellee's brief, of approximately 1,000 acres or more, and which includes the land here in controversy]— claiming the right, title, and interest in and to said land, residing thereon, cultivating, using, and enjoying the same, and continued to reside thereon, cultivate, use and enjoy the same for more than ten years next immediately after the year 1872, claiming to own the same in their own right, and that the same included the land sued for herein by the plaintiffs, and that thereby the title vested in, and ripened in, the said August Ludtke and Rosina Ludtke, husband and wife; that these defendants are the direct descendants of said August Ludtke and Rosina Ludtke, and are the heirs at law of said August Ludtke and Rosina Ludtke, and entitled to the title and possession of said land as such heirs at law of the said August Ludtke and Rosina Ludtke, and that said plaintiff herein, if ever it or any of its grantors were vested with title to said land and premises described in said plaintiff's petition, or any portion thereof, such title vested in and became the title of said August Ludtke and Rosina Ludtke by reason of the statute of limitation of ten years; that said August Ludtke and Rosina Ludtke's possession of said premises was adverse to said plaintiff and all of said plaintiff's grantors and their possession continuous and notorious under a claim of right, and they cultivated, used, and enjoyed the same for a greater period than ten years prior to the institution of any suit by the plain-

tiff herein, or any assertion of ownership of plaintiff here, and that said title is now vested in the heirs of said August Ludtke and Rosina Ludtke, or such grantors as they may have, and it is a superior outstanding title to any title claimed or possessed by said plaintiff herein."

In addition to this defensive matter, the answer contained a cross-bill, in which appellants set up a title of limitation upon which they based a prayer for affirmative relief. The cross-bill was in substantially the same form as their defensive plea.

George and Maude Ludwig answered, claiming a leasehold interest in the land for the term of one year, and setting up damages which they claim to have suffered by reason of being ejected from the premises. August Ludtke, a person of unsound mind, through his guardian, Randon Porter, disclaimed any interest in the land in controversy.

In the trial below the court submitted special issues raised by the pleadings of Ludwig and wife, upon which the jury returned a verdict in favor of the appellee, and a judgment was entered accordingly. No appeal has been prosecuted by Ludwig and wife, and there is, therefore, no occasion to discuss their connection with the suit.

The court instructed the jury to return a verdict against the appellants in this suit in favor of the defendants, and this appeal is from that portion of the judgment entered upon the instructed verdict.

[1] The brief of the appellants presents practically but one assignment—that the court erred in giving the peremptory instruction, because there was evidence tending to sustain the appellants' defense of adverse possession. We think the record supports that statement. Appellants introduced testimony sufficient to warrant the jury in finding that August and Rosina Ludtke had inclosed, claimed, and used for more than ten years prior to their death, some time before the filing of this suit, the land described in their answer, and which included the small tract here in controversy. While the appellee proved a paper title from the original grantee and prior possession for a number of years, which would warrant a finding in its favor, still, because of the conflicting evidence offered by the appellants, an issue was presented for the determination of the jury which had been selected to try the disputed questions of fact. While it is contended that the peremptory instruction given was warranted by the great preponderance of the evidence sustaining the appellee's paper title, the judgment is not defended upon that ground alone. In their brief counsel for appellee suggest that the trial judge was controlled mainly by a former judgment rendered in a suit between the same parties. It is asserted that this judgment operated in the nature of an estoppel against the appellants' claim of title by limitation.

[2-4] It appears from the record before us that, over objection, appellee introduced in evidence the pleadings and judgments in several former suits between the parties to this appeal. Among these were the pleadings and judgment in cause No. 50509, appearing upon the docket of the district court of Harris county. That litigation originated about 1916 in a suit by the present appellee against the appellants to recover a tract of land described as being a part of the Harris and Wilson survey. The record in this appeal shows that the land there involved was situated in the bend of Buffalo bayou, immediately south of, but no part of, the tract here sued for. A trial of that case before a jury resulted in a judgment in favor of the appellee. There is no evidence that an appeal was ever prosecuted, and the judgment of the trial court must here be treated as final.

It is not contended that the judgment in that case settled the issue of title between the parties to this suit because of the identity of the subject-matter, but because the judgment involved the adjudication of an essential issue common to both controversies. The proposition of law relied upon is thus stated in Hanrick v. Gurley, 93 Tex. 479, 56 S. W. 330:

"While the cause of action in that case was not the same as that now asserted, the question as to Nicholas Hanrick's right to inherit from Edward was and is directly involved in and common to both cases, and was expressly adjudicated in the former. Although the judgment of the court was, as we formerly held, only a denial of the right to recover the particular land there in controversy, its estoppel is much broader and concludes the parties upon every question which was directly in issue and was passed upon by the court in arriving at its judgment. Cromwell v. Sac County, 94 U. S. 353 [24 L. Ed. 195]; Nichols v. Dibrell, 61 Tex. 541; Birckhead v. Brown, 7 N. Y. Super. Ct. 145; Boyd v. Alabama, 94 U. S. 645 [24 L. Ed. 302]; Southern Pac. R. Co. v. United States. 168 U. S. 49 [18 S. Ct. 18, 42 L. Ed. 355]; Beloit v. Morgan, 7 Wall. 621 [19 L. Ed. 205]; McDonald v. Mobile Insurance Co., 65 Ala. 358; Freem. on Judg. §§ 256–259.

"In the case first cited, the difference between the rule as to the effect of a judgment upon the cause of action adjudicated, and that as to the scope of the estoppel upon questions in issue and determined, where they arise in subsequent litigation between the same parties concerning a different cause of action, is thus stated:

" 'There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sus-

tain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.' "

The ruling in that case is based upon the fact that the heirship of one of the parties was involved in both suits. The court held, in effect, that, the status of heirship having been adjudicated in the former suit, the same question could not be again put in issue in a subsequent suit between the same parties, although the subject-matter of the two suits was not the same. In order to determine the applicability of that rule, it becomes necessary to examine the pleadings in the former suit, and to consider the legal effect of the judgment there rendered. The record shows that the plaintiff's original petition in that case was in the ordinary form of an action of trespass to try title; that the defendants pleaded not guilty, and the three, five, and ten years statutes of limitation. The plea of limitation did not include any land, except that described in the plaintiff's original petition in that suit. The court submitted only two issues of fact, and these related to the use and possession of August and Rosina Ludtke, the parents of the appellants, of lots 14 and 15. These lots are shown to be only a part of the land involved in that suit, but apparently the validity of the adverse claim asserted to them was decisive of the claim to all of the land. Both of those questions were determined against the appellants; and, without any other express findings upon issues of fact, a judgment was rendered in favor of the appellee. It thus appears that the only basis of title asserted by the appellants in that case was limitation based upon ten years' adverse possession. The effect of that judgment was to determine that neither the appellants nor their ancestors had held adverse possession of that particular tract of land a sufficient length of time to defeat the paper title of the appellee.

We come, then, to the inquiry, What essential issue of fact relied upon in that suit is involved in this? Clearly it was not heirship, because that question does not seem to have been put in issue. The only issue of fact which could be considered as common to both controversies is that presented in the appellants' plea of limitation, based upon adverse possession of ten years. Had they here pleaded that defense in the usual form, and

confined their adverse claim to the particular land described by the appellee, no such question of law as that now presented could arise. The legal effect of adverse possession, based upon occupancy alone, must be determined by the facts of each particular case. The failure to establish a right by naked occupancy to one tract of land is no bar to the same character of claim to a different tract. It would be otherwise when the hostile claim is based in whole or in part upon heirship, or an instrument in writing, forming a necessary link in the chain of title, and which is common to both suits.

We infer that the doctrine of estoppel is invoked in this case because of the peculiar form in which the appellants have pleaded limitation. It will be noticed that, instead of confining it to the land sued for by the appellee, they have asserted a claim to a much larger tract, including that involved in the former litigation. Their plea is further variant from the usual form in asserting a title perfected by the adverse possession of their ancestors. It should also be stated in this connection that their proof of title was in strict conformity to their pleadings upon that issue. They did not undertake to show an adverse use and occupancy of the particular land sued for otherwise than as included in the general inclosure of the large tract described in their answer. The question then arises, Are the appellants now estopped by the form of their answer to prove the facts essential to establish their defense to this suit? Estoppel by judgment applies to issues of fact, not to the evidence by which such issues are to be determined. If the appellants were required to show a title by limitation to the land involved in the former suit, the former judgment might operate as an estoppel to that extent. But under their plea of limitation appellants may show an adverse occupancy and hostile claim by their ancestors of the land here involved. They were not compelled to prove an adverse title to all the land they had described in order to establish an adverse right to a part. While the former judgment might operate as an estoppel in part to their plea for affirmative relief set up in the cross-bill of the appellants, it did not bar their right to prove a title by limitation to the land here involved.

For the reasons stated, and because the evidence presented an issue for the jury in passing upon the question of ownership, we think the court erred in giving a peremptory instruction in favor of the appellee. The judgment will be reversed and the cause remanded for another trial.