HOUSTON TERMINAL LAND COMPANY v. E. F. WESTER-
GREEN ET AL.

No. 4697.  Decided April 30, 1930.
(27 S. W., 2d Series, 526.)

*Andrews, Streetman, Logue & Mobley,* for plaintiff in error.

The prior judgment was an adverse adjudication of a fact essential to the limitation defense.  The trial court, therefore, very properly applied the rule well established in the case of Hanrick v. Gurley, 93 Texas, 479, in line with the decisions of the United

States Supreme Court in the cases of Cromwell v. Sac County, 94 U. S., 351, 24 Law. Ed., 195, and S. P. Ry. Co. v. U. S., 168 U. S., 48, 42 Law. Ed., 377:

*J. H. Pugh, C. E. McVey* and *Hart, Patterson & Hart,* for defendants in error.

The trial Judge was in error in giving to the jury a peremptory instruction to find for the plaintiffs and holding that such instructions were proper in this cause, by reason of any former litigation and adjudications between the parties, because it is not shown anywhere in this record that the land involved in this suit is the same or any part of the land that was involved in any former suits or litigation between the parties. Stout v. Tall, 71 Texas, 438, 9 S. W., 329; Gray v. Kauffman, 82 Texas, 65, 17 S. W., 513; Freeman v. McAninch, 24 S. W., 922; Sandoval v. Rosser, 26 S. W., 933; Reed v. Liston, 27 S. W., 913; Zapeda v. Rahm, 48 S. W., 212; Wood v. Cahill, 50 S. W., 1071; Logan v. Stephens County, 81 S. W., 109; Shifflet v. Morelle, 4 S. W., 845; Express Co. v. Dunn, 16 S. W., 92; Edrington v. Butler, 33 S. W., 143; Laughter v. Laughter, 52 S. W., 987; Smith v. Rothe, 55 S. W., 754; Daughtrey v. New York & T. Land Co., 61 S. W., 947.

No issue of title by limitation or otherwise was made by the pleadings of parties to the first suit to any land except the land described in plaintiff's petition and sought to be recovered in the suit. The land in this suit was in no way involved and there was no issue of any kind in regard to the same. It is true that the defendants introduced evidence to the effect that their father and mother had acquired limitation title to the land involved in the first suit, but this was not the issue in the case. It was only an evidentiary matter in support of the issue in the case, the issue being as to this part of the case whether defendants had title by limitation to the land involved in the first suit and only as to that land and not of the evidence that was in support of the issue.

We believe that the correct rule is announced in Prewitt v. Wilborn, 212 S. W., 442, 184 Ky., 638, where it is said: "Where the second suit is between the same parties upon a different cause of action from that involved in the first action, the judgment in the first action is an estoppel if a relitigation of questions which were actually litigated and determined in the first action, and of such questions as were necessarily determined by the judgment in the first action in arriving at the decision, and is not conclusive as to

matters not decided, and the decision of which were not essential to the decision in the first suit, although issues may have been made in reference to them."

Mr. Justice PIERSON delivered the opinion of the court.

Writ of error was granted herein to review the judgment of the Court of Civil Appeals for the Sixth Supreme Judicial District wherein it reversed the judgment of the District Court upon a question of estoppel by judgment, 285 S. W., 927.

This suit was filed by plaintiff in error against defendants in error and others to recover 15 acres of land in Harris County, Texas. The action was in the usual form of trespass to try title. The defendants in error pleaded the general issue, not guilty, and especially as follows:

"And for further answer herein now come the defendants and plead and show the court that if the plaintiff ever had any fee simple title to the land or any portion of same, by or through any of plaintiff's grantors herein or through said plaintiff herein, then that the same has been lost to said plaintiff and the plaintiff's grantors and those by and through and under which the plaintiff claims, and that the title to said real estate described in said plaintiff's petition is now outstanding in the name of other and different persons in this:

"That defendants' father and mother, August Ludtke and Rosina Ludtke, prior to the year 1872, took possession of the following described land and premises under a claim of right, and continued actual, notorious, visible possession thereof for more than ten years before the filing of this suit, claiming said land and premises adverse to all the world and plaintiff's grantors, said land so taken possession of by the said August Ludtke and Rosina Ludtke being described as follows, to-wit: (Then follows a description by metes and bounds of a large tract of land, consisting of approximately 1,000 acres or more, and which includes the land here in controversy)—claiming the right, title, and interest in and to said land, residing thereon, cultivating, using, and enjoying the same, and continued to reside thereon, cultivate, use, and enjoy the same for more than ten years next immediately after the year 1872, claiming to own the same in their own right, and that the same included the land sued for herein by the plaintiffs, and that thereby the title vested in, and ripened in, the said August Ludtke and Rosina Ludtke, husband and wife; that these defendants are the direct descendants of said August

Ludtke and Rosina Ludtke, and are the heirs at law of said August Ludtke and Rosina Ludtke, and entitled to the title and possession of said land as such heirs at law of the said August Ludtke and Rosina Ludtke, and that said plaintiff herein, if ever it or any of its grantors were vested with title to said land and premises described in said plaintiff's petition, or any portion thereof, such title vested in and became the title of said August Ludtke and Rosina Ludtke by reason of the statute of limitation of ten years; that said August Ludtke and Rosina Ludtke's possession of said premises was adverse to said plaintiff and all of said plaintiff's grantors and their possession continuous and notorious under a claim of right, and they cultivated, used, and enjoyed the same for a greater period than ten years prior to the institution of any suit by the plaintiff herein, or any assertion of ownership of plaintiff here, and that said title is now vested in the heirs of said August Ludtke and Rosina Ludtke, or such grantees as they may have, and it is a superior outstanding title to any title claimed or possessed by said plaintiff herein."

There was evidence tending to support the claim of defendants in error of title by limitation to the entire tract of land described in their answer.

Plaintiff in error introduced in evidence a final judgment in its favor in a former suit wherein it and the defendants in error were parties, in which said former suit plaintiff in error recovered of defendants in error two separate tracts of land designated as Lots 14 and 15, the same being a part of the large tract of land of 1,000 acres or more described by defendants in error in their plea of limitation in this suit, and among other defenses plaintiff in error relies upon said former judgment as creating an estoppel by judgment against these defendants in error to claim title to the 15 acres of land here involved, upon the principle discussed and upheld by this Court in the case of Hanrick v. Gurley, 93 Texas, 479, 56 S. W., 330.

The trial court instructed the jury to return a verdict in favor of plaintiff in error. On appeal the Court of Civil Appeals reversed said judgment of the District Court and remanded the cause to that court for a new trial, and in doing so held that the rule of estoppel by judgment as announced in Hanrick v. Gurley, supra, does not apply to the facts in this case.

We quote the following from the case of Hanrick v. Gurley, 93 Texas, 479, 56 S. W., 330, as disclosing and setting out the rule of estoppel by judgment as applicable to this litigation:

"While the cause of action in that case was not the same as that now asserted, the question as to Nicholas Hanrick's right to inherit from Edward was and is directly involved in and common to both cases, and was expressly adjudicated in the former. Although the judgment of the court was, as we formerly held, only a denial of the right to recover the particular land there in controversy, its estoppel is much broader and concludes the parties upon every question which was directly in issue and was passed upon by the court in arriving at its judgment. Cromwell v. Sac Co., 94 U. S., 353; Nichols v. Dibrell, 61 Texas, 541; Birckhead v. Brown, 5 Sandf., 145; Boyd v. Alabama, 94 U. S., 645; Southern Pac. R. Co. v. United States, 168 U. S., 49; Beloit v. Morgan, 7 Wall., 621; McDonald v. Mobile Insurance Co., 65 Ala., 358; Freem. on Judg., Sec. 256–259.

"In the case first cited, the difference between the rule as to the effect of a judgment upon the cause of action adjudicated, and that as to the scope of the estoppel upon questions in issue and determined, where they arise in subsequent litigation between the same parties concerning a different cause of action, is thus stated:

" 'There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.' "

Strangely enough, the parties to this suit, the Court of Civil Appeals, and Section B of the Commission of Appeals in an opinion by Judge Speer, all base their holding and opinions as to the law of this case on the rule as laid down in the Hanrick v. Gurley Case. All support the holding in that case as being correct in principle and in accord with authority on the subject. The rule announced in said case is undoubtedly correct and voices the weight of author-

ity upon this subject. Therefore, the disposition of this case depends upon the proper construction and application of the rule there announced to the facts of this case.

As set out hereinabove, defendants in error specifically pleaded limitation title in their parents, August Ludtke and Rosina Ludtke, beginning in 1872, to a large tract of land of approximately 1,000 acres. By virtue of the adverse possession and consequent title by limitation of said entire large tract by their parents, the defendants in error, as heirs of August Ludtke and Rosina Ludtke, claim title by limitation to the 15 acres here involved as being a part of said large tract.

In the former suit between the parties to this suit, the defendants in error pleaded title by limitation to two tracts of land there involved, Lots 14 and 15. In support of their pleading and as the basis for their claim of limitation to said Lots 14 and 15 in the former suit they offered evidence and based their right of recovery of the two said tracts solely upon the title by limitation of their parents, August Ludtke and Rosina Ludtke, to the same large tract of approximately 1,000 acres, of which the two said tracts were admittedly a part. Upon the issue thus made the jury found against defendants in error, and judgment was entered accordingly, which is the basis of plaintiff in error's plea of estoppel by judgment in this suit.

As we understand the views of able attorneys for defendants in error, it is conceded the general rule to be that a judgment on an issue directly involved in a case is conclusive in a second suit between the same parties although the second suit relates to a different subject matter. They insist, however, that the judgment in the former suit between these parties, in which defendants in error pleaded title by limitation in general terms to two certain small tracts of land, could not bar by estoppel their defense of title by limitation to the 15 acre tract sued for herein under their pleadings that they have title by limitation by virtue of their parents' possession of the large tract of approximately 1,000 acres.

The trial court permitted plaintiff in error to establish by uncontradicted evidence that in the former suit defendants in error defended their limitation claim to the two small tracts there involved solely by proof of their parents' prior possession of the same large tract of approximately 1,000 acres of which said two tracts were a part. The controversy of fact in the former suit and upon the determination of which the jury's finding and the judgment were

based was the possession by the parents of defendants in error of the large tract of 1,000 acres. That same controversy of fact is the controlling and only issue relied on in this suit for limitation title to the tract here involved.

It appears to be an undisputed fact in this case that the issue of title by limitation to the two small tracts in the first suit, and the jury's finding thereon, was dependent upon and was solely determined upon the fact of the possession of the parents of defendants in error of the large tract of approximately 1,000 acres. It was conclusively shown that the alleged possession of the parents of defendants in error to the large tract was common to both suits, was decisive of both, and was definitely determined against them in the former suit. This being true, the courts should not be required to again try out that issue between the parties.

Where in a subsequent suit between the same parties, but upon a different cause of action, as a sole defense a certain fact is pleaded the existence of which as a fact was determined, and upon the determination of which in the former suit the verdict was rendered and judgment entered thereon, upon same being conclusively shown by extrinsic evidence the judgment so rendered thereon in the former suit creates an estoppel by judgment of the second suit.

It is not our purpose to hold or to support a view, sometimes contended for, that whenever in an action a party thereto might have pleaded a certain particular ground of recovery or of defense, but did not, he is precluded from setting up same in a subsequent suit between the same parties upon a different cause of action. But we do hold, in keeping, we think, with the well established rule that where an issue of fact is made in a suit which becomes necessary to and upon which the determination of the issues in that suit turned and rested, upon the establishment thereof by evidence in a subsequent suit between the same parties upon a different cause of action, such determination of the issue and the judgment based thereon in such former suit create an estoppel by judgment against the determination again of the self-same issue. Hanrick v. Gurley, 93 Texas, 479; Cromwell v. County of Sac, 94 U. S., 351; James Birckhead et al. v. Wm. Brown et al., 5 Sandford's Reports (N. Y.)., 134; So. Pacific R. R. v. United States, 166 U. S., 48; 34 Corpus Juris, Sec. 1322.

The rule is stated in 34 Corpus Juris, Sec. 1325, as follows:

"The true test of the conclusiveness of a former judgment in respect to particular matters is identity of issues. If a particular

point or question is in issue in the second action, and the judgment will depend upon the determination of the particular point or question, a former judgment between the same parties will be final and conclusive in the second if that same point or question was in issue and adjudicated in the first suit; otherwise not. Or, as the rule is otherwise stated in some of the decisions discussing this matter, in a second action between the same parties on a demand different from that in the first action, the judgment in the first action is an estoppel only as to the points controverted, on the determination of which the finding or verdict was rendered. And in order that this rule should be applied, it must clearly and positively appear, either from the record itself or by the aid of competent extrinsic evidence, that the precise point or question in issue in the second suit was involved and decided in the first."

The rule of estoppel by judgment clearly applies and achieves the purposes of justice in the case. Therefore, the judgment of the Court of Civil Appeals is reversed, and that of the District Court is affirmed.