## METROPOLITAN LIFE INS. CO. v. PRIBBLE.

### No. 13918.

Court of Civil Appeals of Texas. Fort Worth..

June 2, 1939.

Rehearing Denied June 30, 1939.

Leake, Henry & Young, Hawkins Golden, and Harry M. Stanfield, all of Dallas, for appellant.

McLean & Scott and Glover Johnson, all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

This suit was instituted by Oscar Pribble, in the District Court of Tarrant County, for the 96th Judicial District, against the Metropolitan Life Insurance Company, to recover instalments accruing under a policy of insurance in his favor, in conformity with his right thereto, fixed by a former judgment in his favor against that company, and the defendant has appealed from a judgment awarding him that relief.

The former judgment invoked as res adjudicata was rendered by the same court on January 3, 1934, in favor of Oscar Pribble against the Metropolitan Life Insurance Company, on a group insurance policy issued to the Chicago, Rock Island and Pacific Railway Company, for the benefit of its employees.

On appeal, the amount of recovery was reduced to $1,536.30, and, as thus reformed, the judgment of the trial court was affirmed. Tex.Civ.App., 82 S.W.2d 414. The date of the judgment by this court was March 15, 1935, and no writ of error to the Supreme Court was applied for by the Metropolitan Life Insurance Company. Therefore, that judgment became a final adjudication of the controversy.

That suit was for compensation stipulated in a certificate of insurance issued to the plaintiff, under the group insurance policy held by the Railway Company. By the terms of that certificate, the company

agreed to pay plaintiff the sum of $3,000 in equal monthly instalments of $54 each, if plaintiff, while an employee of the Railway Company, should, prior to his sixtieth birthday, become so disabled as a result of bodily injury or disease, as to be prevented permanently from engaging in any occupation and performing any work for compensation or profit. The judgment rendered in that suit was based on findings of the jury in answer to special issues, sustaining allegations in plaintiff's petition that, on August 31, 1930, while engaged in the performance of duties of his employment with the Railway Company, he fell to the ground from the top of a box car, a distance of approximately 15 feet, resulting in fractures of bones in his right foot and leg, from which several broken bones were removed; also his right heel was broken, and he had lost practically the entire use of his right foot and leg, except to hobble around; and by reason of his said injuries, plaintiff was totally incapacitated from performing the usual tasks of a workman, and that such total incapacity is permanent.

In plaintiff's second amended petition, filed April 18, 1938, on which the present case was tried, allegations were made of the pleadings and final judgment rendered in the former suit, adjudicating plaintiff's right under the policy to recover $3,000, payable in equal monthly instalments of $54 each. With further allegations that after final judgment in the former suit, defendant for a while paid plaintiff those monthly instalments, as they accrued, but on or about June 1, 1936, notified plaintiff it would no longer make such payments. At the time of such notice, defendant owed plaintiff 23 monthly instalments, and a recovery was sought therefor. It was further alleged that seven of those instalments had accrued when plaintiff's original petition was filed, and fourteen since that time, leaving two of such instalments to accrue after the filing of the second amended petition, and recovery for those was sought on allegations of anticipated breach of the same. Plaintiff also prayed for attorney's fees and penalty, for failing to pay those instalments.

Answer filed by defendant to that petition included a general demurrer and special exception, a general denial, and also a special answer. In the special answer, the right of recovery for attorney's fees was challenged under allegations that the group insurance policy was issued by the defendant at its home office in the State of New York, in which state there is no statute allowing recovery of a penalty and attorney's fees, and therefore statutes of the State of Texas permitting a recovery of such have no proper application, in view of the full faith and credit provisions of the Federal Constitution. U.S.C.A.Const. art. 4, § 1.

In that pleading, further allegations were made, reciting the institution of the former suit and final judgment thereon; payments, by defendant to plaintiff since the final judgment of this court in that case, as follows: monthly instalments of $54 each, accruing under the policy for the months of June to December, 1935, inclusive, and for the months of January to June, 1936, inclusive; with further allegations that thereafter defendant discovered that plaintiff had theretofore on June 24, 1935, re-entered his former employment with Chicago, Rock Island & Pacific Railway Company, and ever since has performed and is still performing the same duties he had performed prior to his alleged total and permanent injury; and for such services, performed from June 24, 1935, through December, 1935, he had been paid by said Railway Company the sum of $850.84, and for services performed during the year 1936, he had been paid by the Railway Company the sum of $1,996.94; and for services performed during the first four months of the year 1937, he had received $714.25, and he is still continuing in said employment at the same wages. With further allegations that both prior and subsequent to the date of said former judgment, plaintiff was not totally and permanently disabled from performing any work or occupation within the terms of his certificate of insurance. Defendant further alleged that the group insurance policy issued to the Railway Company included this provision:

"Notwithstanding that proof of total and permanent disability may have been accepted by the Company as satisfactory, the Employee shall, at any time, on demand from the Company, furnish due proof of the continuance of such disability, but after such disability shall have continued for two full years, the Company will not demand such proof more often than once in each subsequent year. If the Employee shall fail to furnish such proof, the said Employee shall be deemed to have recovered from such state of disability. In the event that the said Em-

ployee recovers from such state of disability before all the instalments hereinbefore mentioned shall have been paid, or fails, on demand, to furnish due proof of the continuance of such disability, payment of such instalments on account of such Employee shall cease. Insurance on the life of such Employee hereunder shall then be revived, but shall be limited in amount to, and if the Employee then re-enters the employ of the Employer, premiums will be payable thereafter for, the commuted value of three and one-half per centum per annum, compound interest, of the instalments then remaining unpaid, on account of such Employee, at the time of such recovery, augmented by any increases to which such Employee would have been entitled had such Employee's service not been interrupted on account of such disability. During the period of total and permanent disability, the said Employee shall not have the right to receive in one lump sum, the commuted value of any unpaid monthly instalments; but, if the said Employee dies during such period, any instalments provided herein, remaining unpaid at the date of death, shall be commuted at the rate of three and one-half per centum per annum, compound interest, and paid to the beneficiary in one sum or in the manner set forth in Section 17."

Following allegations of that provision, the pleading continues:

"And the said Metropolitan Life Insurance Company further shows that in accordance with the provision of the Group Policy hereinabove set forth, it demanded of the said Oscar H. Pribble due proof of the continuance of his alleged total and permanent disability, which the said Oscar H. Pribble refused, for reasons manifest, because of the matters hereinabove alleged.

"Defendant, Metropolitan Life Insurance Company, further shows that by reason of the matters hereinabove set forth the said judgment of the District Court, in Cause No. 5499-A above described, and the subsequent reformation and affirmance thereof by the Court of Civil Appeals, was rendered through accident and mistake, wholly without negligence in any particular of the said Metropolitan Life Insurance Company, and that such judgment of the said District Court, as reformed and affirmed by the Court of Civil Appeals, in so far as the same seeks to adjudicate that the said Oscar H. Pribble is totally and permanently disabled, and will continue so to be for the remainder of his life, from and after the date of the entrance of such judgment in the said District Court, and the reformation and affirmance thereof by the said Court of Civil Appeals is patently, manifestly and obviously in mistake and error by reason of newly discovered evidence subsequent to the rendition of said judgment and the reformation and affirmance thereof, said newly discovered evidence being in truth and in fact, the matters hereinabove alleged, conclusively and manifestly demonstrating that said former judgment of the District Court and the reformation and affirmance thereof, at least insofar as the same attempts to adjudicate that the said Oscar H. Pribble will continue to be totally and permanently disabled throughout the remainder of his life, from and after the dates of the entrance of said judgment and the reformation and affirmance thereof was procured and rendered through accident and mistake, and that the same should be corrected by this court, and a manifest and obvious injustice thereby prevented.

"The Metropolitan Life Insurance Company further says that immediately upon its discovery of the re-employment of the said Oscar H. Pribble by his said employer, on or about the date afore-alleged, it ceased paying any further instalments upon said certificate and Group Policy herein sued upon, and in truth and in fact, requested of the said Oscar H. Pribble that he return unto it the instalments by it paid to him since his re-employment, the said being thirteen (13) months, from June, 1935, through June, 1936, inclusive, of $54.00 each, aggregating the sum of $702.00, but that said Oscar H. Pribble, notwithstanding the repeated requests and demands of the said Metropolitan Life Insurance Company upon him to repay said sum, as in duty bound he is obligated so to do by reason of same having been paid to him under the conditions and circumstances hereinabove alleged, he has wholly failed and refused, and still fails and refuses to pay said sum to the said Metropolitan Life Insurance Company, to its damage in the sum of $702.00, with interest thereon at the rate of 6% per annum from the date of the payment of the respective instalments, and that said Metropolitan Life Insurance Company is entitled to the repayment of such sum with interest, the said Oscar H. Pribble being indebted to it in such sum with interest as for money had and received.

"Said Metropolitan Life Insurance Company further says that by reason of the matters hereinabove alleged, it is entitled to an order and judgment herein correcting the judgment of the said District Court in Cause No. 5499-A heretofore entered herein, as reformed and affirmed by the said Court of Civil Appeals, the same having been entered through accident and mistake, as manifested by evidence discovered since the rendition and entrance thereof, as hereinabove set forth.

"Wherefore, premises considered, said Metropolitan Life Insurance Company prays that upon final hearing hereof that the said plaintiff, Oscar H. Pribble, take nothing as against it, and that this Honorable Court enter an order and judgment herein correcting the judgment heretofore entered in Cause No. 5499-A by the District Court of the 96th Judicial District Court of Tarrant County, Texas, as reformed and affirmed by the said Court of Civil Appeals, insofar as the same attempts to adjudicate that the said Oscar H. Pribble was, is and will continue to be, throughout the remainder of his life, totally and permanently disabled within the meaning of the Certificate and Group Policy herein sued upon, and that the said Metropolitan Life Insurance Company have judgment against the said Oscar H. Pribble for the sum of $702.00, and interest, and for such other and further relief, both general and special, in law and in equity to which it may be justly entitled, for execution, costs, and general relief, and thus it will ever pray."

The court sustained plaintiff's special exception to that special answer and cross action, because those issues were finally settled by the former judgment.

And after introduction of the documentary evidence of the pleadings and judgment in the former suit, judgment was rendered in favor of plaintiff for the sum of $1,188, the aggregate of 22 instalments of $54 each, which the court found to be due and owing at the date of rendition of the judgment. The judgment further awarded plaintiff attorney's fees and penalty, in stated sums, but appellee has filed a remittitur of that portion of the recovery and therefore the same will not be further noticed. The defendant has appealed.

The injury for which plaintiff sought a recovery occurred on August 31, 1930. In the former suit, judgment was rendered by the trial court on January 3, 1934, which, as noted above, was affirmed by this court on March 15, 1935. And the judgment in this second suit, from which this appeal was taken, was rendered by the trial court on April 18, 1938, which was more than seven and a half years after plaintiff's injury, and more than three years after the affirmance by this court of the judgment in the former suit.

The question to be determined is whether the final adjudication in the former suit, that plaintiff, while in the course of his employment with the Railway Company, sustained an injury which wholly and permanently disabled him, operates as a bar to the special defense and cross action pleaded by the defendant under the doctrine of res adjudicata; that special pleading being bottomed upon the allegation that the former adjudication of plaintiff's total and permanent disability was through mistake, established by plaintiff's subsequent recovery from his injury, sufficient to enable him to resume the same work with the same employer, and which recovery was not discovered by defendant until long after the judgment in the former suit had become final; and that defendant's failure to sooner make such discovery was not due to its negligence.

In Nichols v. Dibrell, 61 Tex. 539, this was said:

"It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. Danaher v. Prentiss, 22 Wis. [311] 316; Bates v. Spooner, 45 Ind. [489] 493; Le Guen v. Gouverneur, 3 Johns.Cas. 605 [1 Johns.Cas., N.Y., 436, 506, 1 Am. Dec. 121]; Shettlesworth v. Hughey, 9 Rich. [S.C.] 387. Or, as differently expressed, 'the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time.' Aurora City v. West, 7 Wall. [82] 106 [19 L.Ed. 42].

"This court has frequently indorsed this principle and adhered to it whenever it has been called in question. Lee v. Kingsbury, 13 Tex. 68 [62 Am.Dec. 546]; Tadlock v. Eccles, 20 Tex. 782 [73 Am.Dec. 213]; Chilson v. Reeves, 29 Tex. 275;

Webb v. Mallard, 27 Tex. 80; Cayce v. Powell, 20 Tex. 767 [73 Am.Dec. 211]; Taylor v. Harris, 21 Tex. [438] 439; Baxter v. Dear, 24 Tex. 17 [76 Am.Dec. 89].

"It has been applied, as will be seen from the above authorities, to cases in which the wife was a party to the previous suit, and have held her bound by the judgment in the same manner as any other litigant. Howard v. North, 5 Tex. 290, [51 Am.Dec. 769]; Baxter v. Dear and Cayce v. Powell, supra.

"The only exception, if such it can be called, is where the claim or demand in the one case is different from what it is in the other. For instance, where the former suit was upon different bonds from those upon which the second suit is founded. Cromwell v. County of Sac, 94 U.S. 351 [24 L.Ed. 195]. Or where a wholly different tract of land is involved in one suit from what there was in the other.

"In such cases it is held that in order to operate as a bar to another action, the point in question must actually have been litigated in the former suit. Cromwell v. County of Sac, supra."

We quote the following from Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 100, 47 Am.St.Rep. 79: "'A party cannot relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties, or their privies, in reference to the same subject-matter.' And if one of the parties failed to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so."

That announcement was quoted and followed by the Commission of Appeals in Dallas Trust & Savings Bank v. Brashear, 65 S.W.2d 288.

We quote the holding from the opinion of Chief Justice Cureton in Long v. Martin, 116 Tex. 135, 287 S.W. 494, 495: "Besides, the rule that a valid judgment for a plaintiff is conclusive, not only as to defenses which were set up and adjudicated, but as to those which might have been raised inconsistent with the facts necessary to sustain the judgment, is one of universal acceptation. Cleveland v. Ward [116 Tex. 1] 285 S.W. 1063, 1070, and cases there cited."

Many decisions of this state following the holdings in those cases might be add-ed, including Great Southern Life Ins. Co. v. Johnson, Tex.Com.App., 25 S.W.2d 1093.

■ "A judgment rendered by a court having jurisdiction of the parties and subject matter, whether correct or not, is conclusive and indisputable evidence as to all rights, questions, or facts put in issue in the suit and actually adjudicated therein, when the same come again into controversy between the same parties or their privies in proceedings upon the same or a different cause of action." 34 Corpus Juris 901.

■ "If a point or question was in issue and adjudicated in a former suit, a party bound by the judgment cannot escape the estoppel by producing at a second trial new arguments or additional or different evidence in support of the proposition which was decided adversely to him." 34 Corpus Juris 906.

See also 34 Corpus Juris, par. 1324, p. 913.

The following announcement is found in opinion of our Supreme Court, on rehearing, in Hanrick v. Gurley, 93 Tex. 479, 56 S.W. 330:

"Upon full consideration of the motions of Charles and Carrie Babbige and of E. G. Hanrick, nothing has been found requiring further discussion, except the point raised by the motion of E. G. Hanrick, which was referred back for further argument.

"All of the grounds of the motions except that are therefore disallowed.

"We are convinced, however, that the defense of E. G. Hanrick, based upon the judgment in the Eubanks case as an estoppel against Nicholas Hanrick to assert his title to any of the land in the Zarza grant, should have been sustained. The judgment was pleaded as an estoppel applicable only to Nicholas Hanrick's claim to an interest in that grant, and hence its effect upon his title to lands in the Serda grant cannot be considered.

"The case was originally briefed and submitted upon the findings of the trial court alone, and in them there was no statement that the demurrer in the Eubanks case was sustained upon the ground that the plaintiff therein was not an heir of Edward Hanrick; the only finding on this point being that a general demurrer was sustained, and final judgment rendered against the plaintiff. We now find in

the statement of facts the substance of the pleadings and the judgment in that case, from which it appears that the demurrer was rested and sustained upon the ground that the facts alleged by plaintiff showed that no title had descended to him by inheritance from Edward Hanrick. While the cause of action in that case was not the same as that now asserted, the question as to Nicholas Hanrick's right to inherit from Edward was and is directly involved in, and common to, both cases, and was expressly adjudicated in the former. Although the judgment of the court was, as we formerly held, only a denial of the right to recover the particular land there in controversy, its estoppel is much broader, and concludes the parties upon every question which was directly in issue, and was passed upon by the court in arriving at its judgment. Cromwell v. Sac County, 94 U.S. 351 [353] 24 L.Ed. 195; Nichols v. Dibrell, 61 Tex. [539] 541; Birckhead v. Brown, [7 N.Y.Super. 134] 5 Sandf. [134] 145; Boyd v. Alabama, 94 U.S. 645, 24 L.Ed. 302; Southern Pac. R. Co. v. United States, 168 U.S. [1] 49, 18 S.Ct. 18, 42 L.Ed. 355; Beloit v. Morgan, 7 Wall. [619] 621, 19 L.Ed. 205; McDonald v. Mobile Insurance Co., 65 Ala. 358; Freem. Judgm. §§ 256–259."

That holding was cited with approval in Hermann v. Allen, 103 Tex. 382, 128 S.W. 115; also in Mayfield Co. v. Rushing, Tex. Com.App., 127 S.W.2d 185.

■ By virtue of the terms of the group policy invoked in defendant's special pleading in this case, giving defendant the right to cease payment of unmatured instalments upon the conditions stated, the court, upon motion of defendant therefor, doubtless would have provided in the judgment that it would be without prejudice to the right of the defendant to cease payment of further instalments, upon the happening of such conditions, as was done in Great Southern Life Ins. Co. v. Johnson, Tex.Com.App., 25 S.W.2d 1093, cited above. But defendant made no such request, and under authorities noted above, it is now estopped to challenge the findings of the court and jury in the former suit, of total and permanent disability, and the benefits of those provisions of the policy, except upon the ground of fraud, accident or mistake.

Neither fraud nor any facts showing accident were alleged by defendant as a ground for attacking the former judgment in any particular. The only ground of attack was the alleged mistake in the finding that as the result of his injury plaintiff had been totally and permanently disabled during the remainder of his life, within the meaning of the terms of his insurance policy; with the further ground added that plaintiff's resumption of work after rendition of the judgment, in the manner pleaded, conclusively showed that the finding in the former judgment, that plaintiff was totally and permanently disabled, was untrue.

■ That pleading was essentially an application for re-trial of the case on the ground of newly discovered evidence, discovered after the former judgment had been rendered and had become final on appeal. While a trial court may set aside a verdict and grant a new trial for newly discovered evidence, if the complainant shows reasonable ground for his failure to discover it earlier, that relief is not available in a suit in equity to set aside the judgment after it has become final. The mistake authorizing the vacation of a judgment by bill of review usually relates to matters incident to the trial in the lower court, which prevented a party defendant from making a valid defense on the trial, numerous instances of which are to be found in many authorities, such as 25 Tex. Jur., pp. 610–623, inclusive.

■ The following announcement, found in 3d Freeman on Judgments (5th Ed.) para. 1216, p. 2526, is supported by a vast number of authorities, not only in Texas but in other states and in the United States Supreme Court: "It has already been intimated that neither an erroneous conclusion upon which a judgment was based, nor any irregularity of proceeding not involving the jurisdiction of the tribunal pronouncing it, can have any effect in determining the question whether the judgment should be set aside or restrained in equity. Such, beyond doubt, is the law. 'A court of equity will never set aside or enjoin a judgment on the ground of error or mistake in the judgment of the court of law.' When the court in the original action reaches an erroneous conclusion as to the merits of the controversy or as to any question occurring prior to the entry of judgment, the result may be, and usually is, in the abstract, against equity and good conscience. Respecting the great mass of errors of this character, some redress is offered by statutes conferring a

right to move for a new trial and of appeal to some higher tribunal. In some instances, however, no right of appeal is given, and in others the error, mistake or inadvertence may be that of the highest court itself, and, even theoretically, there is no remedy whatever. Of course, where there is a remedy by appeal or by a motion for a new trial, relief cannot be had in equity because of the familiar principle of equity jurisprudence, that equity will not interpose where there is an adequate remedy at law. But the fact that no statute has conferred any remedy by appeal or by motion for a new trial is not material, for it is universally conceded that a court of equity will not interfere on the ground that in its decision the court of law or other judicial tribunal whose judgment is sought to be enjoined, committed error, whether of law or of fact." See, also, 15 Ruling Case Law, para. 705, p. 752.

Counsel for appellant has cited Prudential Insurance Co. of America v. Zorger, 7 Cir., 86 F.2d 446 [447], 108 A.L.R. 498, as particularly applicable to this case. The nature of that case and the points decided are indicated by the following excerpts from the opinion:

" 'The answer to the present problem hinges on the construction to be placed upon the word "permanent" when used in connection with the disability provisions of insurance contracts. If it is to be given the strict and narrow meaning of unchangeable under any and all circumstances, then indeed, there is no logical reason why a judicial determination of such condition, once had, should not endure for all time.

" 'The insured, however, has never been held to such a narrow and restricted meaning of the word "permanent" when seeking benefits under a policy providing for payments when permanently disabled, but rather has been permitted recovery upon proof of a condition that would appear at the time to be reasonably certain to continue. [Cases cited]. He has never been held to the duty of establishing a condition that would not under any circumstances yield to treatment and must forever remain steadfast. It would be unreasonable that he be required to exclude all possibility of improvement to entitle him to prevail.

" 'The same meaning must be accorded the word when dealing with the rights of the insurer. The rule that the language of an insurance policy having been placed therein by the insurer, is to be construed most strongly against it, has no application here, as urged by appellee, and is no justification for giving one meaning to the word when defining it for the benefit of the insured and another when invoked by the insurer. Where the insurer can establish that the insured has ceased to be totally disabled, it would seem, therefore, that it should be permitted to do so, notwithstanding a former adjudication of permanency. Otherwise, we might have the anomalous situation of a man going about his daily business in the full vigor of health and at the same time receiving monthly benefits on account of total and permanent disability. Or, conversely, a man may be confined to his bed, a hopeless invalid, dependent upon others for care, but unable to collect insurance benefits because three years previously in an action covering an earlier period a jury had found against him.

" 'This would be abhorrent to justice and rules of law should not be construed to produce such result.' "

Other decisions cited we do not believe have any proper application on the question now under discussion, and therefore they will not be discussed in detail.

██ It is well settled by all of the authorities that the doctrine of res adjudicata is founded on public policy. Especially is that doctrine recognized in this State, as shown in the decisions of our Supreme Court, above noted.

In Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325, 328, this is said: "Therefore it is well settled that, where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence dehors the record that the judgment was rendered without any service whatever upon him. Logically, the judgment is, in fact, void, but on grounds of public policy the courts, in order to protect property rights, apply the rule aforesaid, which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment; and therefore, for all practical purposes, in such collateral attack, the judgment is held valid."

340

Although that had reference to a collateral attack, rather than a direct attack on the judgment, it is a definite announcement of the public policy of this State, with respect to the binding force of final judgments by the courts of this State in the exercise of jurisdiction vested in them by its Constitution and Statutes.

Even though it be said that it will be a manifest injustice to allow plaintiff to collect the instalments accruing after he went to work again, in violation of the express terms of the group insurance policy which became a part of his own, yet to allow the insurance company to invoke that provision of the policy as a ground to defeat the solemn decree in the former judgment would be in violation of the public policy of the State with respect to final judgments; and would lead to endless suits to set aside final judgments in which plaintiffs have been awarded recoveries for loss of ability to labor in the future as a result of injuries sustained through the defendants' negligence.

In plaintiff's petition in the former suit, recovery was sought for the 60 instalments accruing under the terms of the policy of insurance, including those not then due, on allegations that they had become a liquidated demand, by reason of defendant's denial of any liability. The judgment rendered in that suit, that plaintiff had sustained a total and permanent disability while employed by the Railway Company, was a final adjudication of plaintiff's right to recover all the instalments accruing under the policy. But under the terms of the provision in the group policy denying plaintiff the right to a lump sum settlement while he is alive, the court could not award such in the judgment in that case. However, the lack of that power in no manner militated against the binding effect of the judgment rendered as establishing his right to recover all the 60 instalments whenever they became due, including those to mature after rendition of that judgment.

Under the authorities cited, we conclude that the court did not err in sustaining the exception to defendant's special pleading, noted, and awarding plaintiff a recovery for the sum of $1,188, the aggregate of 22 unpaid instalments, with interest and costs of suit.

Accordingly, all assignments of error are overruled and the judgment of the trial court is affirmed.