John PETERSON et al., Appellants,

v.

Paul PETERSON, Administrator of
Estate of Pearl Peterson,
Deceased, Appellee.

No. 962.

Court of Civil Appeals of Texas,
Tyler.

Feb. 10, 1977.

C. A. Keeling, Badders & Keeling, Nacogdoches, for appellants.

Tom Henson, Ramey, Flock, Hutchins, Grainger & Jeffus, Tyler, Clifton L. Holmes, Mart J. Lapin, Lapin & Lapin, Kilgore, for appellee.

MOORE, Justice.

This is an appeal from an order of the Probate Court of Rusk County, Texas, ordering a distribution of assets of the estate of Pearl Peterson, deceased. Appellee, Paul Peterson, acting as the administrator of the Estate of Pearl Peterson, filed a final accounting in the Probate Court and sought an order distributing the assets of the estate. Appellants, John Peterson, Alma Beck, Georgia Addington, William D. Peterson, III and Barbara Paradowski, the heirs of W. D. Peterson, deceased, by a marriage prior to his marriage to Pearl Peterson, contested the application and sought an order granting them an interest in certain funds which the administrator alleged were owned by the estate of Pearl Peterson. The cause was submitted to the trial court upon an agreed stipulation of facts. From the order distributing the estate to the heirs of Pearl Peterson and denying appellants any interest in the funds in question, appellants perfected this appeal.

We affirm.

Before he married Pearl, W. D. Peterson had been married to Sue Gunn and they had four children. Pearl also had children from a previous marriage at the time of her marriage to W. D. Thereafter, children were born to W. D. and Pearl. At the time of W. D. Peterson's death testate on July 7, 1964, he and Pearl maintained their homestead on a 97-acre tract of land from which oil and gas were being produced. Although the land was owned by W. D. as his separate property, Pearl continued to occupy it

under her homestead claim after his death. Under the terms of his will, Pearl Peterson received, among other property, a ¼th royalty interest in the oil and gas produced from the 97-acre tract. The remaining ¾th royalty interest was willed to his children from both of his marriages.

At the time of the death of W. D. Peterson, Pearl was of advanced age and it became necessary for the children to take care of her affairs. As a result, the children of W. D. Peterson by his previous marriage and the children born of his marriage to Pearl entered into a written agreement wherein they agreed as follows:

"All of the proceeds of said ⅜ of ⅛ royalty interest owned by W. D. Peterson at the time of his death in said 97 acre tract, more or less, shall be collected by John Peterson as Executor of the Estate of said W. D. Peterson, Deceased, and as and when collected ¼ of said proceeds shall be paid over to Mary Lucy Benningfield as Guardian of the Estate of Mrs. Pearl Peterson. The other ¾ interest shall be deposited in a savings account with Kilgore Federal Savings and Loan Association, Kilgore, Texas, or some other savings and loan association or bank, as may be agreed upon by and between John Peterson and Mary Lucy Benningfield, subject to withdrawal on the joint signature of said Mary Lucy Benningfield and John Peterson. Said proceeds shall be left intact in said savings account or accounts until the death of said Mrs. Pearl Peterson, unless it becomes necessary to withdraw all or a part thereof for the maintenance of said Mrs. Pearl Peterson.

"The said Mary Lucy Benningfield, as Guardian, shall be entitled to withdraw from said savings account from time to time such amounts as may be necessary in her opinion for the proper and reasonable maintenance of said Mrs. Pearl Peterson."

Thereafter, Pearl Peterson died intestate. At the time of her death the sum of $7,844.14 was on deposit in Kilgore First National Bank of Kilgore, Texas, under her name. Additionally, she had the sum of $22,447.50 on deposit with the Kilgore Federal Savings and Loan Association, Kilgore, Texas.

By a single point of error, appellants, the heirs of W. D. Peterson by his first marriage, contend that the court erred in refusing to grant them their interest in the funds in accordance with their contractual agreement with the children of Pearl and W. D. Peterson. In reply, the appellee-administrator takes the position that the agreement was invalid and conferred no right on appellants to any portion of the funds. We sustain the administrator's contention.

The claim asserted by appellants rests upon the assumption that the agreement assigning and conveying them an interest in the funds is valid and binding. Contrary to their contention, the record reveals that the validity of the agreement was adjudicated and found to be invalid in Cause No. 70–296, styled PAUL PETERSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF PEARL PETERSON, DECEASED VS. JOHN PETERSON, ET AL, in the Fourth Judicial District Court of Rusk County, Texas. While the judgment in that case recited that the appellants were properly before the court, the pleading in the case does not appear in the record before us. It appears from the judgment, however, that the suit was brought for the purpose of construing the will of W. D. Peterson as well as to determine the validity of the same written agreement on which the appellants rely in the present case. The judgment in that case was rendered on September 12, 1975. No appeal was taken and, therefore, the judgment became final. The judgment provided, in part, that the written agreement was "invalid and unenforceable insofar as the administration of the estate of Pearl Peterson, deceased, is concerned," and "the parties to such agreement shall be required to establish the basis of any claim they might have against the estate in accordance with the laws of *intestate succession* and any other applicable law . . ." (Emphasis added.) The judg-

ment further provided that the funds then on deposit in the bank account and savings and loan account were deemed to be the assets of the estate of Pearl Peterson, deceased.

The appellants are not and do not claim to be related to the decedent, Pearl Peterson. Therefore, the sole and only claim that they could have on funds rests on a contractual agreement which a court of competent jurisdiction has found to be invalid and unenforceable.

It is elementary that if in a former suit an issue which goes to the foundation and existence of a cause of action has been previously litigated, such issue cannot be again litigated in a later suit, regardless of the form it may take. In such situations estoppel by judgment applies and a party will be estopped to relitigate an issue which previously has been litigated and determined by a court of competent jurisdiction in a former suit between the same parties. *Houston Terminal Land Co. v. Westergreen*, 119 Tex. 204, 27 S.W.2d 526 (1930); *Womble v. Adkins*, 160 Tex. 363, 331 S.W.2d 294 (1960); 34 Tex.Jur.2d Judgments sec. 450, p. 487; McDonald, Texas Civil Practice, sec. 7.43. Since the validity of the agreement relied on by appellants has been previously litigated and found to be invalid, appellants are estopped to rely on the agreement as a basis for a cause of action. It follows that the Probate Court properly denied their claim.

The judgment of the trial court is affirmed.