**JUDKINS et al. v. DOTY.**

No. 2423.

Court of Civil Appeals of Texas. El Paso.

April 17, 1930.

Rehearing Denied May 1, 1930.

Spencer, Rogers & Lewis, of San Antonio, for appellants.

Arnold & Cozby, of San Antonio, for appellee.

WALTHALL, J.

Appellee became the owner of a series of six notes, maturing upon different dates, executed by the independent executors of the estate of R. R. Russell, deceased, in renewal of a note given by Russell before his death. There were several renewals of the original obligation. The six notes constituted the last renewal, at which time considerable past-due interest had accumulated. As the first five notes matured, separate suits were filed upon same. In bar of the actions the executors set up affirmative defenses. Upon trial judgment was rendered in appellee's favor in each of the cases. Upon appeal those judgments were affirmed. Judkins v. Doty (Tex. Civ. App.) 299 S. W. 506.

The present suit is upon the sixth note of the series. The executors answered, and in their brief admit that the pleadings in the five cases mentioned are identical with the pleadings in the present case except as to maturity date of the note. In bar of the defense thus set up, the appellee pleaded the judgments rendered in the former suits.

In support of the plea appellee offered in evidence the pleadings and judgments in the former suits. The plea was sustained and instructed verdict returned in appellee's favor.

In 2 Freeman on Judgments (5th Ed.) at § 744, it is said: "A judgment determining the issue or issues presented by an affirmative defense is conclusive whenever the same issue or issues arise whether upon the same or a different cause of action, as in case of successive actions on a series of notes executed as part of one transaction." See, also, sections 706 and 898.

And in 34 C. J. Title, Judgments, § 1252, it is said: "A former judgment for plaintiff in one of a series of actions for money due by installments or other successive causes of action, although not a bar to a subsequent suit, will be final and conclusive evidence as to all points and questions actually or necessarily litigated and determined by it, such as the validity of the contract sued on, and determines plaintiff's right to recovery in a subsequent action on a like state of facts. Where, for example an action is brought for one of a series of payments or series of notes, all based on the same consideration, and defendant sets up a defense going to the whole of the original consideration, a judgment against him precludes him from setting up the same facts in defense to a subsequent suit on another note or installment."

And in section 1282 the same authority says: "A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon either the same or a different cause of action. This doctrine, that a fact or question which has been actually and directly in issue in a former suit and has been judicially passed upon and determined by a domestic court of competent jurisdiction cannot be litigated again in a subsequent suit between the same parties or their privies, is simple and universally recognized in almost innumerable cases, the only difficulty or conflict being in its application to particular cases."

Numerous decisions support the rule announced by Judge Freeman and Corpus Juris.

The defense in this suit and the former suits is based primarily upon the issue of whether the original note for $2,500, executed by Russell, was given in payment for stock in an Oklahoma corporation in violation of the laws of that state, and of Texas, or in payment for stock in such corporation purchased from one L. B. Comer. That issue was determined against appellants in the former suits, and the question thus conclusively and finally determined between the parties. It cannot be again litigated between them.

Another proposition asserted by appellants is that the plaintiff by offering in evidence, without limitation, the defendant's pleadings in the other suits, is bound by the allegations of the defensive matters therein alleged. The rule that a litigant, offering the statement of his adversary as evidence, is bound thereby, has no application where the adversary's pleadings in another suit are offered in evidence for the purpose of proving a plea of res judicata. The cases cited by appellants in this connection are upon an entirely different state of facts, and have no application here.

The third proposition is that there was evidence to raise the issue of whether plaintiff was a bona fide purchaser. That issue is immaterial, in view of the conclusive effect of the former judgments upon the question of whether the original note was given in payment for stock purchased from the corporation or in payment for stock purchased from Comer.

If the issue is material, then it is concluded by the judgments in the former suits, for the six notes constituted one transaction, and they were all acquired by the plaintiff 'at the same time and under the same circumstances.

Affirmed.