## COOPER et al. v. H. L. HUNT, Inc., et al.
### No. 4752.

Court of Civil Appeals of Texas. Texarkana.
Oct. 24, 1935.

Warren & Warren, of Tyler, for appellants.

Phillips, Trammell, Chizum, Estes & Edwards, of Fort Worth, and Frank L. McClendon and McEntire, James & Clower, all of Tyler, for appellees.

HALL, Justice.

In January, 1931, Mrs. Daisy Bradford and others filed suit against H. L. Hunt, Inc., and Claude Ashby in trespass to try title to recover 20 acres of land, a part of Ashby's farm. At a later date appellants intervened in said suit and made claim to the same land by virtue of being heirs of J. P. and Hannah Elizabeth Ashby, deceased, who originally owned same. They alleged that they were brothers and sisters, nieces and nephews of Claude Ashby. In their intervention they made additional parties defendant and alleged that the land in controversy was acquired by J. P. and Hannah Elizabeth Ashby by limitation, or, in the alternative, it was a part of their old homestead and was excess land, and a part of what was known as the Hughes tract of 125 acres; that the Hughes tract was one of four tracts which comprised the old homestead of J. P. and Hannah Elizabeth Ashby. They alleged, further, that by several deeds to Claude Ashby they "purported to convey to Claude Ashby all their interest in the estate of J. P. Ashby, deceased, and their present and prospective interest in the estate of Hannah Elizabeth Ashby; that neither they nor Claude Ashby knew there was any excess in said tract of land and that said conveyances, and each of them, were executed by reason of and under a mutual mistake of the grantors and grantee, Claude Ashby, and each understood and believed at the time of execution and delivery thereof that the four tracts of land mentioned in said conveyances was all the land owned by the estate of J. P. and Hannah Elizabeth Ashby." They asked that said original deeds be reformed so as to convey the number of acres called for and no more. Appellants also alleged that defendant, appellee here, H. L. Hunt, Inc., had taken and sold from said land large quantities of oil, the amount of which they were unable to state, and they asked for an accounting.

The appellees filed their plea in abatement, res adjudicata, stare decisis, and motion to dismiss appellants' intervention for the reason that the same identical facts, issues, and points set out in said intervention had theretofore been pleaded, tendered, presented, tried to a jury, determined, and adjudicated between the same parties in the case of Maude Cooper et al. v. Claude Ashby et al., No. 8606, in the district court of Rusk county, Tex. Before hearing was had on appellees' motion, the original plaintiffs dismissed their cause of action. The trial court sustained appellees' motions and dismissed said cause of action, and from this order appellants appeal to this court.

The granting clause in the deed from appellants Maude Cooper and husband to appellee Claude Ashby is as follows:

"Have bargained, sold and conveyed, and do by these presents bargain, sell and convey unto said Claude Ashby of Rusk County, Texas, all the undivided interests of the said Mrs. Claude Cooper in and to all of the estate of J. P. Ashby, deceased, whether by will or descent, and all of their present and prospective interests in and to all of the estate both real and personal of Mrs. Hannah Elizabeth Ashby, the real estate consisting principally of 125 acres of land of the Ximines League of land known as the J. C. Hughes tract, the unsold balance of the Eskridge 100-acre tract, 75½ acres known as the A. N. Ashby tract and a 50 acre tract known as the Thorn tract lying West of the Jobe tract and East of the Lum Talifeero tract all situated about 8 miles West from Henderson in Rusk County, Texas."

By stipulation in the record it was agreed that the deeds from the other appellants to Claude Ashby were "the same" as the one copied above. The court in his order of dismissal " * * * finds and determines that the facts set forth in each of said pleas and motions are true and correct and the same are each well taken and should be in all things sustained, and the court further finds and determines that the same identical facts, issues and points set out in the intervenors' amended intervention herein have heretofore been pled, tendered, presented, tried to a jury and adjudicated between said intervenors and the defendant Claude Ashby and those holding through and under him in the cause of Maude Cooper et al., against Claude Ashby et al., No. 8606 in the district court of Rusk County, Texas, by its final judgment entered on the 7th day of January, 1933, that are sought to be adjudicated under the allegations of said intervention filed in this cause as between the said intervenors on the one hand and defendant Claude Ashby and those holding under him in this suit; that said intervenors and said Claude D. Ashby and his privies holding under him constituted the parties to both suits. The court further finds that said judgment entered in said cause No. 8606 is res adjudicata of all the issues raised in this intervention and that all matters of fact as well as at law raised in this intervention were raised, and could have been raised in said cause No. 8606 and that as between the matters alleged in said intervention and said cause No. 8606 there is an identity of the subject-matter and of the cause of action and of the parties and their privies to the action."

Appellants complain of the action of the trial court in rendering judgment sustaining appellees' motions and dismissing their cause of action and say a matter is not regarded as res adjudicata unless there be a concurrence of four things; (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and of parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made.

The four tracts of land listed in the deeds from appellants to appellee Claude Ashby comprised the homestead of J. P. and Hannah Elizabeth Ashby. The former suit was for the excess in the 75-acre tract and this suit was for the excess in the 125-acre tract. An examination of the record reveals that the appellants were the parties-plaintiffs in the former suit and that they made practically the same allegations therein and the same relief was sought. In the former case the main and controlling question was: Were the grantors and grantee in the deeds conveying the four tracts of land comprising the old homestead of J. P. and Hannah Elizabeth Ashby mistaken as to the quantity of land conveyed thereby? Or, as submitted to the jury by the court in the former case; Did the grantors intend to sell and the grantee agree to buy all of the undivided interest of the grantors in the estate of J. P. and Hannah Elizabeth Ashby? Upon the findings of the jury to the numerous special issues submitted in the former case, the trial court decreed "that plaintiffs as above named (the same plaintiffs as in the case at bar) have no right or title in the estate of J. P. and Hannah Elizabeth Ashby, deceased." The judgment of the court in the former case is final and is binding on all parties thereto and their privies. The plaintiffs could get relief in either case only by a reformation of the deeds from them to Claude Ashby conveying their interest in the estate of J. P. and Hannah Elizabeth Ashby.

The jury in the former case found against appellants on their theory of mutual mistake in relation to the execution of the deeds from them to Claude Ashby, and the district court, based upon said findings, pronounced judgment against them.

Appellants contend that the court erred in sustaining appellees' pleas of res adjudicata, etc., to this cause of action be-

cause the former suit was for 15 acres excess land in the 75-acre tract and this suit was for 20 acres of land in the 125-acre tract. This may be true, but to recover title to either of the tracts of excess land, appellants were compelled to rely upon a reformation of the deeds from them to Claude Ashby. They had had their day in court on this question and had lost; therefore, they, appellants, should not be allowed again to try this same issue between the same parties to the original deeds.

Appellants contend, further, that the parties in this suit are not the same as in the former case. This fact is conceded, but the parties-plaintiffs are the same and the main party, Claude Ashby, defendant, is the same. All the other parties-defendants were holding under Claude Ashby. The fact that more parties-defendants were added in this case than in the former suit does not, in our opinion, affect the application of rule of res adjudicata. In the case of Eastland County v. Davisson et al. (Tex. Com. App.) 13 S.W.(2d) 673, 676, it is said:

"It is also urged that, as there are different parties to the second suit, a judgment in the first would not be res adjudicata in the second. Ordinarily, this would be true, but there is a well-defined exception to the rule thus invoked to the effect that a plea of res adjudicata, based upon the result of a former suit, is available to one, though not a party to that suit, who rests under a secondary or derivative liability which must have been considered and determined in the former litigation. McFaddin, Wiess & Kyle Land Co. v. Texas Rice Land Co. (Tex. Civ. App.) 253 S.W. 916; Sonnentheil v. Moody (Tex. Civ. App.) 56 S.W. 1001; Bigelow v. Old Dominion Co., 225 U.S. [111], 128, 32 S. Ct. 641, 56 L. Ed. [1009], 1021, Ann. Cas. 1913E, 875; New Orleans Ry. Co. v. Jopes, 142 U. S. 18, 12 S. Ct. 109, 35 L. Ed. 919; Betor v. Albany, 193 App. Div. 349, 184 N.Y.S. 44; Hill v. Bain, 15 R. I. 75, 23 A. 44, 2 Am. St. Rep. 873; Portland Gold Mining Co. v. Stratton's Independence (C. C. A.) 158 F. 63, 16 L. R. A. (N. S.) 677.

"It appears that the liability of the parties in the second suit, who were not joined in the first, is dependent upon Davisson's primary liability, and a finding, that Davisson had not breached his contract with the county, would have acquitted all of the other defendants of any liability to the county. Under such circumstances, the difference in parties in the second suit would not operate to prevent the judgment in the former case being availed of as a plea in bar to the second suit."

To the same effect are Houston Terminal Land Co. v. Westergreen et al., 119 Tex. 204, 27 S.W.(2d) 526, Stephenson et al. v. Miller-Link Lbr. Co. (Tex. Com. App.) 277 S.W. 1039, and cases therein cited. In 34 C. J. § 1325, p. 915, it is said: "The true test of conclusiveness of a former judgment in respect to particular matters is identity of issues. If a particular point or question is in issue in the second action and the judgment will depend upon the determination of the particular point or question, a former judgment between the same parties will be final and conclusive in the second if that same point or question was in issue and adjudicated in the first suit; otherwise not."

We think the authorities cited above are controlling of the issues in this case. Therefore the judgment of the trial court is affirmed.