## CARTER v. BACLE et al.

No. 4946.

Court of Civil Appeals of Texas. Texarkana.

May 28, 1936.

Rehearing Denied June 4, 1936.

818

Tom L. Beauchamp and Pollard & Lawrence, all of Tyler, for appellant.

Weeks & Morrow, of Wichita Falls, W. G. Banks, John Broughton, Joe S. Brown, John E. Green, Jr., L. M. Sharrar, and Robt. F. Higgins, all of Houston, Wynne & Wynne and Edwin Lacy, all of Longview, Geo. Prendergast, of Marshall, Campbell & Leak, of Longview, C. B. Ellard and T. R. Freeman, both of Dallas, and McEntire, James & Shank, of Tyler, for appellees.

JOHNSON, Chief Justice.

By deed dated October 15, 1897, W. F. Abbey and wife, Flora Abbey, conveyed to Emma L. Carter and husband, John C. Carter, 310 acres of land located in Gregg county, Tex. After his death, Emma L. Carter had been adjudged insane, and while she was confined in a state insane asylum, John C. Carter conveyed the land to the following persons: To O. E. McWhorter, 112 acres, November 30, 1906; to J. R. Castleberry, 47.3 acres, October 13, 1913; to H. G. Green, 150.7 acres, October 30, 1926. At the time the 150.7 acres were conveyed to H. G. Green, he was married to Arrenva Green. The property was community property of H. G. Green and wife, Arrenva Green. H. G. Green subsequently died, leaving minor children as his heirs. Arrenva Green married J. W. Bacle.

On January 16, 1932, still being in the asylum, Emma L. Carter by next friend, William A. Abbey, filed three suits, Nos. 8379–A, 8380–A, and 8381–A, in the district court of Gregg county, in trespass to try title against the several owners, lessees, and holders of mineral interests in different subdivisions of the 310 acres of land. Cause No. 8381–A, styled Emma L. Carter, by Next Friend, William A. Abbey v. A. G. Green et al., was tried, and resulted in judgment for defendants, rendered upon findings of a jury. The case was appealed to this court, and the judgment of the trial court was affirmed. 64 S.W.(2d) 1069. A writ of error was refused, and the judgment of this court became final.

On October 29, 1934, causes Nos. 8379–A and 8380–A were consolidated and tried to a jury. Upon findings of the jury, judgment was rendered in favor of defendants. Plaintiff has appealed, and has assigned numerous errors alleged to have been committed in the trial of the cause.

While the case has been pending on appeal, and on motions of appellant filed in this court, the appeal has been dismissed as to all the appellees except the surviving wife (Arrenva Green Bacle) and children (sole heirs) of H. G. Green, deceased, and grantees of mineral interests under them. The appeal has also been dismissed on motion of appellant as to the children of H. G. Green, deceased, and their guardian, leaving in the case as appellees Arrenva Green Bacle, surviving wife of H. G. Green, and her present husband, J. W. Bacle, and those claiming under her, and those claiming under the children of H. G. Green, deceased.

It appears that the case should be reversed because of improper statements made by attorneys for appellees in their arguments to the jury, unless an instructed verdict should have been given in favor of appellees upon their plea of res adjudicata or estoppel by judgment; which contention is presented by appellees' first counterproposition, reading as follows: "The pleadings and proof in this case having been shown that the defendant, Mrs. Arrenva Green Bacle and her children, (being children and sole heirs of H. G. Green, deceased,) were parties defendant in the case of Carter v. Green, No. 8381–A, and that Emma L. Carter, by next friend, William A. Abbey, was the plaintiff in both cases, and in the former suit the right and title of Mrs. Bacle and her children to the property therein involved was attacked upon the identical grounds as are relied upon by the plaintiff in the present suit, and the right and title of Mrs. Bacle and her children to the property involved in said former suit and in this suit rest upon the same deed and title and state of facts, and that the validity of said deed having been directly adjudicated against the plaintiff in said former suit and the identical issues sought to be raised herein were likewise raised and adjudicated against the plaintiff in said former suit, plaintiff was barred and estopped from again litigating such issues or the validity of such title as against Mrs. Bacle and her children, and the court should have

instructed a verdict in favor of Mrs. Bacle and her children and the defendants holding under them."

It appears from the records of both cases that the grounds upon which appellant seeks recovery in this case are the same as relied upon and determined in the former case, No. 8381–A; namely, it being the contention of appellant in both cases:

"(1) That the deed dated October 15, 1897, from W. F. Abbey and wife, Flora Abbey, conveying the 310 acres of land to Emma L. Carter and husband, John C. Carter, was a forgery.

"(2) That the land was purchased by Emma L. Carter with her separate funds before she married John C. Carter.

"(3) That the marriage contract between Emma L. Carter and John C. Carter was void, because, it is contended, Emma L. Carter was insane at the time the marriage ceremony was performed. Therefore, it is contended, the land was not community property of Emma L. Carter and husband, John C. Carter, but that it was in whole or in part the separate property of Emma L. Carter, and that John C. Carter had no right to convey it."

The issues of fact were submitted in the former cause No. 8381–A in the following language:

"1. Do you find that W. F. Abbey signed and executed the deed dated October 15, 1897, purporting to convey the land in controversy in this case to Emma L. Carter and husband, J. C. Carter? Answer 'Yes,' or 'No,' as you find the facts to be."

Answer: "Yes."

"2. Do you find that Flora Abbey signed and executed the deed dated October 15, 1897, purporting to convey the land in controversy in this case to Emma Carter and husband, J. C. Carter? Answer 'Yes,' or 'No,' as you find the facts to be."

Answer: "Yes."

"3. Do you find that the property described in plaintiff's petition was purchased in whole or in part with the separate funds of Emma L. Carter? By 'separate funds,' as used in this special issue, is meant any and all funds owned by Emma L. Carter on or before the date of her marriage to J. C. Carter. Answer 'Yes,' or 'No,' as you find the facts to be."

Answer: "No."

"4. Do you find that Emma L. Carter purchased the land in controversy during the year 1896 and before her marriage to J. C. Carter? Answer 'Yes,' or 'No,' as you find the facts to be."

Answer: "No."

The contention that the marriage contract was void (a collateral attack) was determined adversely to appellant in cause No. 8381–A [(Tex.Civ.App.) 64 S.W.(2d) 1069], on the assumption that insanity of Emma L. Carter at the time of her marriage was proven by evidence uncontradicted. This is here mentioned for the reason that it will be noted that the only change in the issues submitted in the two trials was that the issue of fact as to whether or not Emma L. Carter was insane at the time of her marriage to John C. Carter was submitted to the jury in the second trial.

In the present case the issues were submitted in the following language:

"Special Issue No. 1: Do you find from a preponderance of the evidence in this case that Emma L. Alexander at the time of her purported marriage to John C. Carter on December 16, 1896, was mentally incapable of comprehending and understanding the marriage contract and relation and the reciprocal and mutual duties and obligations thereof? Answer 'Yes,' or 'No,' as you find the facts to be."

Answer: "No."

"Special Issue No. 2: Do you find from a preponderance of the evidence in this case that Emma L. Carter at any time after her purported marriage to John C. Carter, and while living with him, had a lucid interval, as that term is hereinafter defined to you? Answer 'Yes,' or 'No,' as you find the facts to be."

Answer: "Yes."

"By the term 'lucid interval,' as herein used, is meant a period of time during which the person whose sanity is questioned had sufficient mental capacity to know and understand the nature and consequence of the marriage relation, and the reciprocal and mutual duties and obligations thereof."

"Special Issue No. 3: Do you find from a preponderance of the evidence in this case that W. F. Abbey did not execute the deed dated October 15, 1897, purporting to convey the land in controversy in this case to Emma Carter and husband, J. C. Carter?

820

Answer this question by stating, 'He did sign the deed,' or 'He did not sign the deed.' "

Answer: "He did sign the deed."

"Special Issue No. 4: Do you find from a preponderance of the evidence in this case that Flora Abbey did not execute the deed dated October 15, 1897, purporting to convey the land in controversy in this case to Emma L. Carter and husband, J. C. Carter? Answer this question by stating, 'She did sign the deed,' or 'She did not sign the deed.' ".

Answer: "She did sign the deed."

"Special Issue No. 5: Do you find from a preponderance of the evidence in this case that the property described in plaintiff's petition was purchased with the separate funds of Emma L. Carter on and before the date of her marriage to J. C. Carter? Answer 'Yes,' or 'No,' as you find the facts to be."

Answer: "No."

"Special Issue No. 6: Do you find from a preponderance of the evidence in this case that Emma L. Carter purchased the land in controversy during the year 1896, and before her marriage to J. C. Carter? Answer 'Yes' or 'No' as you find the facts to be."

Answer: "No."

"By 'separate funds,' as used in this special issue, is meant any and all funds owned by Emma L. Carter on or before the date of her marriage to J. C. Carter."

So it is seen from the charge of the court above quoted in each case that the issues presented were not in any material respect different.

Arrenva Green Bacle, surviving wife of H. G. Green, deceased, and her children, sole heirs of H. G. Green, deceased, were parties to the former suit, cause No. 8381–A. They and their grantees are parties to the present suit. They and their grantees duly pleaded and presented in evidence the record and judgment in the former suit as being res adjudicata of the issues upon which appellant relies for a recovery in this suit, and as precluding appellant from reasserting the same issue against the same parties and their privies as a grounds for recovery of a different portion of the same 310-acre tract of land as was involved in the former suit. We think the plea should have been sustained and an instructed verdict returned for these appellees. Appellant's cause of action was the same in each suit. The final determination of the issues adversely to appellant in the first suit operates as an estoppel against appellant to assert the same questions as grounds of recovery against the same parties and those holding under them in this suit. Stephenson v. Miller-Link Lumber Co. (Tex.Com.App.) 277 S.W. 1039, 1040; Houston Oil Co. v. Village Mills Co. (Tex.Com.App.) 241 S.W. 122; Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.(2d) 526; Galbreath v. Farrell (Tex.Civ.App.) 275 S.W. 238; Harrison v. First National Bank of Louisville (Tex.Civ.App.) 224 S.W. 269; Jones v. McClatchey (Tex.Civ. App.) 38 S.W.(2d) 113; Warren v. Houston Oil Co. of Texas (Tex.Com.App.) 6 S.W.(2d) 341; Edinburg Irrigation Co. v. Ledbetter (Tex.Civ.App.) 247 S.W. 335; Id. (Tex.Civ.App.) 286 S.W. 185; Southern Pacific R. Co. v. U. S., 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; Freeman on Judgments, Vol. 2, §§ 672, 855, 858, 894; Cooper v. H. L. Hunt (Tex.Civ.App.) 87 S.W.(2d) 763.

The fact that the land involved in this suit is not the same land as was involved in the former suit will not defeat appellees' plea. The land involved in this suit and the land involved in the former suit consists of different subdivisions of the same tract, namely, the 310-acre tract conveyed by the deed sought to be canceled as a condition to recovery. Hence, in this respect it may be said that the lands involved in the two suits constitute different parts of the same subject-matter. Stephenson v. Miller-Link Lumber Co., supra, states the rule: "Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in the determination of an action before a competent court in which the final judgment or decree is rendered upon the litigation is conclusively settled by that judgment or decree as between the same parties, and cannot again be litigated, *whether the* claim, demand, purpose, or *subject-matter of the two suits is the same* or not." (Italics ours.)

In Freeman on Judgments (5th Ed.) § 672, it is said: "A judgment determining the validity of the sale of property is res adjudicata of that issue though in the two actions different portions of that property were involved. * * * The only matter essential to making a former judgment on the merits conclusive between the same parties, is, that the question to be

determined in the second action is the same question judicially settled in the first. A judgment is conclusive not only as to the subject matter in suit, but as to all other suits which, though concerning other subject matters, involve the same questions of controversy."

 Nor is the fact that some of the present appellees, grantees of Arrenva Green Bacle, surviving wife of H. G. Green, and grantees of the children and heirs of H. G. Green, deceased, were not parties to the former suit does not deprive them of the plea, since their grantors or lessors were parties to the former suit and are parties to this suit. Houston Oil Co. v. Village Mills, supra; Cooper v. Hunt, supra; Freeman on Judgments, § 441, § 432; Taylor v. Sartorious, 130 Mo. App. 23, 108 S.W. 1089; State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420; 65 L.Ed. 831, 834, 837; 15 R.C.L. 956.

The judgment of the trial court is affirmed.