**BAUER v. TAYLOR et al.**

No. 1807.

Court of Civil Appeals of Texas. Eastland.

June 3, 1938.

Rehearing Denied July 8, 1938.

R. L. Thompson, of Stephenville, for plaintiff in error.

Chandler & Chandler, of Stephenville, for defendants in error.

FUNDERBURK, Justice.

Taylor Bros. (Mount and Fount Taylor) brought this suit against Mrs. Maybelle Bauer (a widow) to recover upon five promissory notes in the principal sum of $1,000 each, dated July 15, 1930, and due 1, 2, 3, 4, and 5 years after date, respectively. All notes were past due at the date suit was filed on July 6, 1935, except note No. 5 which became due July 15, 1935. Interest on the notes was paid up to and including June 30, 1935, and $204.-71 on the principal of note No. 1. Plaintiffs also sought to establish and foreclose a deed of trust lien given to secure said notes.

The defendant answered first by plea in abatement, alleging an extension of the notes beyond their due dates, by reason of an agreement in writing, as follows:

"1–27–33, Stephenville, Texas.

"This agreement made and entered into this day by and between Mrs. Theo. Bauer, hereinafter referred to in this agreement as party of the first part, and

Taylor Bros. of this city, hereinafter referred to as party of the second part;

"Witnesseth: That whereas, first party is now in arrears in the payments due on loans that are being carried by second party, with first liens and deed of trust on the brick building now occupied by the great Atlantic and Pacific Tea Company of this city, and also the building at southeast corner of square and now occupied by the SW Gas Company of this city. First party hereby assigns and transfers unto second party all lease and rental contracts now in effect on said buildings, this agreement to remain in full force and effect until such time as all past due indebtedness to second party shall have been paid. It is agreed that second party shall collect all rents on said building as it accrues and shall apply all such money first to the payment of all due taxes, state, county, city and school and after all taxes have been fully paid, then second party shall apply all rents thus collected to the payments past due on the notes now held against above mentioned property.

"[Signed] Mrs. Theo Bauer,
"Party of First Part
"[Signed] Taylor Bros.
"Party of Second Part."

Subject to such plea in abatement, defendant further answered by general demurrer, general denial and further specially alleged said agreement above quoted, particularly averring that Taylor Bros. "induced and influenced this defendant to sign and execute same on the representations that if she would execute same and give plaintiffs the additional security of approximately $77.50 per month then coming to her under her rental contracts on said building that said debt and lien would be carried and extended by plaintiffs and that no part of same would be due and mature pending collection by them of said rents; that relying on said representations and believing that plaintiffs would carry out and perform said contract she executed and delivered said assignment to plaintiffs and they have been collecting said rents from said time down to the time of filing this answer, and that approximately $1800 of said past due indebtedness was not due when this suit was filed."

By supplemental petition plaintiffs, among other things, pleaded an estoppel by judgment against the asserted effect of the said agreement transferring or assigning rents.

The defendant's plea in abatement was overruled. The case was tried by a jury, which, in response to a peremptory instruction, returned a general verdict for the plaintiffs. The defendant has appealed.

■ There was no contest of defendant's liability for the debt represented by the notes in suit. There was no claim that the land was not subject to the asserted deed of trust lien. Unquestionably, plaintiffs (defendants in error) were entitled to judgment unless, contrary to the terms of the notes, the time of their promised payment had been by a contract extended to such a time that they were not due when the suit was filed. To show that the time of the promised payment had been extended, the agreement of January 27, 1933 (copied in the foregoing statement), was relied upon. That agreement does not even purport to deal with the subject of the extension of said notes. If there was any such intention the written agreement did not undertake to express it. The failure of a written instrument to express an intention of the parties will not admit proof of such intention upon the theory that the writing is ambiguous. The rule which permits the introduction of parol evidence to show the meaning of an ambiguous writing has application only when the intention is expressed, but in uncertain language; never when the intention is not expressed at all, as when through fraud, accident or mistake its expression is entirely omitted from the writing. The terms of the agreement here considered appear to be clear and certain. In applying the provisions of the agreement to its subject matter, no latent ambiguity is disclosed. The agreement simply provides a special means of payment of the amounts "past due on the notes" entirely consistent with the obligations of the notes. It makes no reference whatever to obligations of the notes at the time not due. Upon default in the payment of any note or interest, the notes provided that all became due at the election of plaintiffs. Plaintiff in error's own pleading negatived the idea that a provision, having the effect of extending the due dates of the notes, was intended to be embodied as a part of the agreement. In the pleading reference is made to representations made to induce the signing of the agreement. But there is no claim that such representations were intended to be embodied as a part of the contract itself. The defendant was appealing to the agree-

ment as written as the evidence of the right asserted by her. Clearly the pleading sought no reformation of the agreement, nor was it sufficient to authorize any reformation. On the contrary, defendant's sole defense to which she was limited by her pleading was a showing of ambiguity in the instrument of which the proof was her alleged understanding of the contemplated effect of signing the agreement. There is no escape, we think, from the conclusion that there was no competent evidence, under the pleadings, raising any issue of fact required to be submitted to the jury.

■■ Even if we should be in error in the above conclusion based upon the particular ground, it is quite certain, we think, that the court rendered the only proper judgment. In a case to which the parties to this suit were parties it was adjudged that said agreement did not have the effect of extending the due date of the notes. That judgment was upon appeal affirmed. Bauer v. Texas Pac. Coal & Oil Co., Tex. Civ.App., 100 S.W.2d 122. Upon this very point Chief Justice Leslie, as spokesman for this court, said (page 125): "The arrangement pertained to the payment of past-due taxes and past-due installments on the notes, and it did not have the effect of agreeing to extend payment to any named date, or to withhold suit until any definite time. * * * No consideration for any alteration of original contracts is shown."

Relative to the principle of estoppel by judgment we had occasion very recently, in Loving County v. R. Wilson Higginbotham et al., Tex.Civ.App., 115 S.W.2d 1110, to quote from Texas Jurisprudence, as follows (page 1121): "A judgment * * operates as an estoppel irrespective of whether the second suit is based upon the same claim or demand or not, and the effect of its operation as such is to inhibit a re-examination in the second suit of any matter that was necessarily determined by it. In other words, a judgment which is not a bar to a second suit because the claim or demand is different may nevertheless operate to prevent a relitigation therein of any issue that it necessarily adjudicated." 26 Tex.Jur. p. 179, sec. 439. See Houston Terminal Land Co. v.

Westergreen, 119 Tex. 204, 27 S.W.2d 526; Hanrick v. Gurley, 93 Tex. 458, 479, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330; Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 47 Am.St.Rep. 79; Judkins v. Doty, Tex.Civ.App., 27 S.W.2d 588; Parlin-Orendorff Implement Co. v. Frey, Tex.Civ.App., 200 S.W. 1143; Cooper v. H. L. Hunt, Inc., 87 S.W.2d 763; Carter v. Bacle, Tex.Civ.App., 94 S.W.2d 817; McDowell v. Harris, Tex.Civ.App., 107 S. W.2d 647; Fenn v. Roach & Co., Tex. Civ.App., 75 S.W. 361.

The pleading and proof established the estoppel conclusively, unless the failure to offer in evidence the judgment of this court was required. In Rushing v. Mayfield Co., Tex.Civ.App., 104 S.W.2d 619, on the question of proof to establish an issue of estoppel by judgment, we said (page 625): "We have found no authority that would sanction the proposition that the judgment [of the appellate court] may be wholly dispensed with as evidence and the opinion looked to exclusively." In that case the appellate court was the Federal Circuit Court of Appeals. 5 Cir., 62 F.2d 318.

It is not necessary for us to determine this point. Conceding that the failure to introduce the judgment of this court in the trial court warranted the trial court in overruling plaintiffs' motion for an instructed verdict, which action they here cross-assign as error, we are of opinion that this court may take judicial knowledge of our judgment, as well as opinion, in the prior case between the same parties, involving in part at least the same question expressly decided. State v. Savage, 105 Tex. 467, 151 S.W. 530; Cochran County v. Boyd, Tex.Civ.App., 26 S.W.2d 364; Edgar v. McDonald, Tex.Civ.App., 106 S. W. 1135; Sawyer v. First Nat. Bank, 41 Tex.Civ.App. 486, 93 S.W. 151; Allen v. Thomson, Tex.Civ.App., 156 S.W. 304. Such knowledge enables us to see that even if the court below based its decision upon the wrong ground, which we think was not the case, the judgment was proper and any error harmless.

It is, therefore, our conclusion that the judgment of the court below should be affirmed, and it is accordingly so ordered.