**Genoveva PUGA and Rutila
Torrez, Appellants,**

v.

**DONNA FRUIT COMPANY, Appellee.**

**No. 1721.**

Court of Civil Appeals of Texas,
Corpus Christi.

April 23, 1981.
Rehearing Denied May 28, 1981.

James C. Harrington, San Juan, for appellants.

Ferriel C. Hamby, Jr., Maurice D. Healy, Adams, Graham, Jenkins, Graham & Hamby, Harlingen, for appellee.

OPINION

YOUNG, Justice.

The primary issue in this appeal is whether the family of a decedent has a right to bring statutory "wrongful death" actions after the Industrial Accident Board (IAB) has denied their claim under the Workers' Compensation statutes. The trial court held that the adjudication by the IAB was final as to all claims brought by the family. In holding that no genuine issue of any material facts remained to be resolved by the trial court, summary judgment was entered. We affirm.

The accident giving rise to this appeal occurred when Juan Torrez, a farm worker, was loading fruit crates onto a truck owned by Donna Fruit Co., Inc., appellee. On March 29, 1977, some fruit crates fell on Torrez, causing his death. His mother, wife, and children, appellants, filed their claim for Workers' Compensation benefits on February 23, 1978, with the IAB, alleg-

ing that the decedent was fatally injured while in the course and scope of his employment with the appellee. On March 22, 1979, the Board entered its finding that "... the evidence submitted fails to establish that deceased was an employee of the employer named above on date and occasion of alleged injury." In so finding, all claims for death benefits were denied. No notice of appeal of the Board's ruling was filed by appellants, nor was an appeal brought in any district court.

Prior to the entry of the Board's ruling, the appellants filed statutory "wrongful death" actions in the district court on July 19, 1978, pursuant to Tex.Rev.Civ.Stat.Ann. art. 4671 et seq. (1980). On January 22, 1980, the appellee moved for a dismissal of the suit, or in the alternative, for a summary judgment in favor of appellee. On February 12, 1980, a controverting affidavit was filed by the appellants. On March 3, 1980, the trial court entered its summary judgment in favor of the appellee.

■ The pertinent section regulating appeals of rulings of the Board states in part: "... Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred, or in the county where the employee resided at the time the injury occurred (or, if such employee is deceased, then in the county where the employee resided at the time of his death), to set aside said final ruling and decision, ..." Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (1980).

It is well-established law that the twenty-day period for filing a petition is mandatory and jurisdictional. The failure to file notice of appeal within the twenty-day period leaves the court without jurisdiction over the case. *Clawson v. Texas Employers Insurance Association*, 475 S.W.2d 735 (Tex.

Sup.1972); *New York Underwriters Ins. Co. v. Ehlinger*, 593 S.W.2d 432 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Each step required by this section is mandatory, and the failure to comply with these steps bars an action in the courts. *Sanchez v. Aetna Cas. & Sur. Co.*, 543 S.W.2d 888 (Tex. Civ.App.—San Antonio 1976, writ ref'd n. r. e.); *American Motorists Ins. Co. v. Box*, 531 S.W.2d 401 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.).

■ The record contains no evidence that the requirements of this statute have been complied with. No notice of appeal was filed with the Board within twenty days, nor was any suit filed in a district court. Therefore, the ruling of the Board is final in all respects.

Furthermore, appellants, in their controverting affidavit, do not raise any new theories of recovery which would defeat the summary judgment. This failure to present independent theories of recovery to the trial court prevents the appellants from raising any new theories of recovery for the first time on appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.Sup.1979); *Thurman v. Frozen Food Express*, 600 S.W.2d 369 (Tex.Civ.App.—Dallas 1980, no writ). In fact, all issues raised by appellants in their affidavit challenge the finding of the Board that the decedent was not an employee of the appellee. These factual challenges should have been and can only be raised through an appeal of the Board's ruling.

■ Additionally, there is no evidence in the record that the decedent gave written notice to the appellee of his intention to retain his statutory wrongful death actions as required by art. 8306, § 3a, Tex.Rev.Civ. Stat.Ann. (1980). See *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934 (Tex.Sup.1972).

We have considered appellants' additional point of error relating to the absence of co-counsel and find no abuse of discretion. Rule 253, T.R.C.P.

The judgment of the trial court is affirmed.

BISSETT, A. J., not participating.