Genoveva PUGA et al., Petitioner,

v.

**DONNA FRUIT COMPANY, INC., Respondent.**

No. C–497.

Supreme Court of Texas.

June 9, 1982.

As Corrected July 7, 1982.

James C. Harrington, San Juan, Tony Korioth, Austin, for petitioner.

Adams, Graham, Jenkins, Graham & Hamby, Ferriel C. Hamby, Jr., Maurice D. Healy and Jim Denison, Harlingen, for respondent.

BARROW, Justice.

Genoveva Puga and Rutila Torrez, as survivors of Juan Torrez, brought this wrongful death action against Donna Fruit Company to recover damages for the death of Juan Torrez. Plaintiffs' original petition asserted that Juan Torrez was employed by Donna Fruit Company, that his death occurred within the course and scope of employment and was proximately caused by Donna Fruit Company's failure to provide proper and safe equipment and conditions of employment. Donna Fruit Company

moved for summary judgment, pleading that a prior unappealed ruling of the Industrial Accident Board was res judicata as to the matter of employment. The trial court granted a take-nothing summary judgment, and the court of civil appeals affirmed, holding that the factual issue of employment "should have been and can only be raised through an appeal of the Board's ruling." 616 S.W.2d 666. We reverse the judgments of the lower courts and remand the cause to the trial court.

Juan Torrez was crushed to death while loading crates of fruit onto a truck owned by Donna Fruit Company. The Torrez family filed a claim with the Industrial Accident Board, generally asserting employment of the deceased by Donna Fruit Company. This wrongful death suit was filed during the pendency of the compensation action. The claim before the Board was denied on the finding that the evidence did not support a finding of employment, which ruling became final upon the claimants' failure to appeal in twenty days. *See* Tex.Rev.Civ.Stat.Ann. art. 8307, § 5. Donna Fruit Company thereupon filed its motion for summary judgment in this death action, asserting that the unappealed ruling of the Board, having the force of a final judgment, foreclosed further inquiry into the matter of employment. The Torrez family, in response, urged the existence of disputed facts on the employment issue as evidenced by the nature of Juan Torrez' work as a farm laborer. The Torrez survivors maintained that the status of Juan Torrez, as a noncovered employee, had not been previously decided in the compensation proceeding. This position was supported on the basis of Donna Fruit Company's admission to employment of 200 to 250 seasonal employees, and the lack of evidence of voluntary coverage as to such farm laborers.

The primary issue before us is whether the Board's decision was a full adjudication of the employment issue in the Torrez family's wrongful death action. We hold that a Board ruling as to employment status is necessarily limited to employment as defined under the Act.[1] Certain classes of employees are expressly excluded from the coverage of workers' compensation law.[2] A farm laborer, the employment status Juan Torrez was alleged to have occupied under the pleadings in the wrongful death action, falls within the category of statutorily excluded employees. Unless a voluntary policy of endorsement existed as to Donna Fruit Company's agricultural workers, the Board's jurisdiction to address more than a general employment relationship was not invoked in the compensation proceeding. In such instance, the Board's ruling of "no employment" was equivalent to a finding of "no employment in a capacity covered under the Act." The issue of employment of a statutorily excluded employee, not having been raised, could not operate as collateral estoppel on the employment issue in the subsequent wrongful death action.

We acknowledge the jurisdiction of the Industrial Accident Board to decide all matters incident to a compensation claim before it. The enabling language of the Act is clear, however, in stating: "All questions *arising under this law* . . . shall, except as otherwise provided, be determined by the Board." Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (emphasis added). A basic limitation is thereby placed upon the Board's jurisdiction, restricting its authority to adjudicate to matters addressed under the Act. In establishing the elements of recovery for personal injury or death compensable under the Act, the legislature set forth the following exception:

> The provisions of this law shall not apply to actions . . . sustained by domestic servants or casual employees engaged in employment incidental to a personal residence, *farm laborers*, ranch laborers, nor to the employees of any person, firm or corporation operating any steam, elec-

---

1. All references to "the Act" are to the Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306–8309h.

2. *Id.* art. 8306, § 2.

tric, street, or interurban railway as a common carrier.

*Id.* art. 8306, § 2 (emphasis added).

Previous judicial construction of actions pursued by claimants occupying the status of "excluded employees" makes clear that the elements of recovery are unregulated by workers' compensation law. *Texas Refining Co. v. Alexander*, 202 S.W. 131 (Tex. Civ.App.—Amarillo 1918, no writ). *See generally Travelers Ins. Co. v. Brown*, 402 S.W.2d 500 (Tex.1966). The Industrial Accident Board, existing as the tribunal created to determine questions arising under workers' compensation law, cannot be imbued with the authority to pass on a matter not within its purview by submission of a claim. Accordingly, a compensation proceeding erroneously pursued by a claimant excluded from coverage of the Act was considered by one court as having the effect, upon denial of the claim, "of remitting the parties to their common-law rights." *Texas Refining Co. v. Alexander, supra*, at 136.

Texas permits voluntary workers' compensation insurance, under which statutorily excluded employees can be brought within the scope of the Workers' Compensation Act. Tex.Rev.Civ.Stat.Ann. art. 8308, § 18(a). Section 18(b) gives the Board jurisdiction over cases in which an employer has voluntarily provided compensation coverage for employees for whom the Act does not require such coverage.[3] Thus, it is possible that a claimant otherwise excluded from consideration as an "employee" within the design of the Act may be before the Board on all matters incident to the employment relationship. But such is true only when the employer carries a voluntary policy of endorsement.

The distinction between general employment and employment in a capacity excluded from coverage under the Act becomes

significant in relation to the procedural posture of this action. Donna Fruit Company, as movant in the summary judgment proceeding in the trial court, carried the burden to establish as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of the plaintiffs' cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). The unappealed final ruling of the Industrial Accident Board was asserted by Donna Fruit Company to be res judicata as to all matters at issue in the wrongful death action.

■ The doctrine of res judicata deals generally with the conclusive effects of judgments, encompassing the separate judicial doctrines of merger, bar and collateral estoppel. It may be asserted to preclude relitigation of a claim, when a subsequent suit is brought upon the same cause of action, or to preclude relitigation of an issue or issues common to separate causes. *Houston Terminal Land Co. v. Westergreen*, 119 Tex. 204, 27 S.W.2d 526 (1930), *quoting Cromwell v. County of Sac*, 94 U.S. 351, 353, 24 L.Ed. 195 (1876); *see* 2 R. McDonald, *Texas Civil Procedure* § 7.43, at 242–44 (rev.1982). The distinction between the doctrine of res judicata as a plea of bar (claim preclusion), and as a plea of collateral estoppel (issue preclusion) is important in determining the breadth of the estoppel worked by a prior judgment. *See generally* McGlinchey, *Collateral Estoppel in Texas*, 4 Houston L.Rev. 73, 73–76 (1966).

The argument before this Court is that the issue of employment, previously adjudicated in a compensation proceeding, cannot be relitigated in a negligence action. The plea of collateral estoppel is appropriate,[4] addressing the effect to be given a judicial determination in subsequent litigation involving a different cause of action. *Houston Terminal Land Co. v. Westergreen, su-*

---

**3.** Although prior to the enactment of section 18(b) in 1981, no express provision was made for jurisdiction over voluntary compensation coverage, the Board exercised jurisdiction over such claims under the broad language of section 18(a).

**4.** Although Donna Fruit Company plead res judicata in its motion for summary judgment, respondent's argument before this Court, as well as the facts of this cause, make clear that the doctrine of collateral estoppel was the specific defense urged.

*pra* at 527. The basis of inquiry is on fact issues *actually* litigated and essential to the prior judgment. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361 (Tex.1971); *Hardy v. Fleming*, 553 S.W.2d 790 (Tex.Civ.App.—El Paso 1977, writ ref'd n. r. e.). Thus, the focus of attention is drawn to what issues were demonstrated to have been before the Board in its consideration of the Torrez family claim. Matters generally relevant, but not raised in the proceeding, are not precluded from litigation in the subsequent wrongful death action.

The Torrez family, in their claim before the Industrial Accident Board, put in issue Juan Torrez' status as a general employee of Donna Fruit Company. The Torrez family, in their wrongful death action, plead Torrez' employment as a farm laborer and reurged this position in their response to the motion for summary judgment, further asserting that no voluntary compensation coverage was carried. In establishing its defense of collateral estoppel, it thus became incumbent upon Donna Fruit Company to prove that voluntary coverage existed and was presented to the Industrial Accident Board in order to establish that the issue of Torrez' employment as a farm laborer was actually litigated in the previous proceeding.

The only summary judgment evidence offered by Donna Fruit Company in connection with this matter was the Notice of Fatal Injury filed by the Torrez family, the Award of the Industrial Accident Board, and an affidavit of a company representative stating that compensation coverage was carried. Neither the Notice of Fatal Injury nor the Board Award indicate that the Board's jurisdiction to pass on a claim by a statutorily excluded employee had been invoked. The affidavit recites the policy number and period of coverage on the compensation insurance issued Donna Fruit Company, but does not declare the type of coverage contained therein. When provisions of an insurance policy are material to a movant's theory, the policy must be attached to the affidavit asserting its existence or otherwise placed of record to provide a basis for rendition of summary judg-ment. *First Bankers Ins. Co. v. O'Hair*, 417 S.W.2d 654 (Tex.Civ.App.—Amarillo 1967, no writ); *see* Rule 166–A(e), Tex.R.Civ.Pro. The provisions of Donna Fruit Company's compensation policy were material to the issue of the scope of the Board's Award. There was no summary judgment evidence that Donna Fruit Company carried voluntary compensation coverage for farm workers such as Torrez.

There being no evidence of voluntary compensation coverage to establish that the issue of Juan Torrez' status as a farm laborer in the employ of Donna Fruit Company was before the Board, a grant of summary judgment on a plea of collateral estoppel was improper.

An additional basis for the trial court's rendition of summary judgment was presented on the issue of waiver of the right to maintain a statutory death action against an employer subscribing to workers' compensation insurance. The court of civil appeals impliedly held that the Torrez survivors were barred from maintaining this death action for failure to give notice of intent to retain the right to pursue remedies independent of those provided by the Act.

■ Article 8306, section 3a requires that an employee of a subscriber must give notice in writing to preserve his right of action at common law or under any statute of this State. A failure to give the prescribed notice results in a waiver of such rights of action. Unless, however, the employee seeking to enforce his common law or statutory action through the courts is an employee covered by workers' compensation, he would not be put to an election.

■ Donna Fruit Company, as movant in the summary judgment proceedings, had the burden to present evidence establishing its right to receipt of notice of intention to retain common law and statutory rights of action. Only in the event of satisfactory proof that Juan Torrez was an employee covered under a policy of compensation insurance would the Torrez family, as non-movants, have the burden to present evi-

dence raising a fact issue concerning waiver. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). The record does not reflect that provision for coverage as to farm laborers in the employ of Donna Fruit Company had been made. The fact of coverage by workers' compensation itself being disputed and remaining unproved, the question of election was not presented.

The judgments of the court of civil appeals and trial court are reversed and this cause is remanded to the trial court.