**J.C. McSPADDEN, et al Appellants,**

v.

**Loyd J. MOORE, et al Appellees.**

**No. 09 86 182 CV.**

Court of Appeals of Texas, Beaumont.

April 2, 1987.

Rehearing Denied April 22, 1987.

Bill R. Jones, Bush & Jones, Livingston, for appellants.

Jimmy W. Nettles, Beaumont, for appellees.

## OPINION

BROOKSHIRE, Justice.

Loyd J. Moore and wife, Evelyn Moore, and Jerry McDonald, instituted this litigation against J.C. McSpadden, Trustee, and the First State Bank of Livingston, Texas. The Moores and McDonald sought an injunction to prevent a non-judicial foreclosure of a deed of trust executed by McDonald. The cancellation of that deed of trust and the cancellation of a deed from Loyd and Evelyn Moore to McDonald were sought as part of the Appellees' relief. The bank and the trustee filed a cross-action against McDonald asking for judgment for the balance owed on a purchase money promissory note executed by McDonald and payable to the bank. The Appellants prayed, additionally, for foreclosure of the lien on the land described in the deed of trust.

The trial court granted a summary judgment, setting aside and canceling the deed from Loyd and Evelyn Moore to McDonald and canceling the deed of trust from McDonald to McSpadden, Trustee. The remaining issues in dispute were submitted to a jury. By the jury's verdict, the bank recovered judgment against McDonald for its debt of $38,646.77, plus attorney's fees and interest. The interlocutory summary judgment was reconfirmed and made final by a judgment of May 16, 1986.

The Appellants, in their first point of error, argue that the trial court commit-

ted reversible error in granting the motion for summary judgment because a material fact issue existed as to whether the bank had knowledge or notice that the conveyance from the Moores to McDonald was simulated. McSpadden and the bank filed a response to the Appellees' motion for summary judgment, advancing the proposition that neither the bank nor the trustee had knowledge or notice that the deed in question was a simulated sale for the attempted purpose of fixing a lien upon an alleged homestead. The sworn response, basically, averred that the transaction was a bona fide sale as shown by the documents upon which the bank based its claim against McDonald. There is an affidavit in the record executed by J.C. McSpadden. He swore that he had knowledge of the facts stated in his affidavit. He swore that the deed records of Polk County demonstrated that Jerry McDonald was the record title holder and bona fide owner of the property in question. He swore that there was no instrument of record that would cast a cloud on the title of McDonald. He swore that, on November 7, 1979, as security for a certain promissory note, executed by McDonald and delivered to the bank, that McDonald executed a deed of trust conveying the property in question in trust to McSpadden as Trustee. Later, in October, 1983, and February, 1984, McDonald was in default and McSpadden was instructed by the bank to conduct a Trustee's Sale under the deed of trust and effect a foreclosure. McSpadden's oath (in part):

> "I had no reason to believe that the transaction was something other than a bona fide sale."

The sale he refers to was a sale from the Moores to Jerry McDonald. McSpadden further swore that the note dated November 7, 1979, in the principal amount of $33,000., to the bank, was past due, in default and unpaid. We conclude this record raises a fact issue as to whether the sale from the Moores to McDonald was a bona fide, arms-length, good faith transaction. In summary, the bank contends that it advanced the money, relying upon the apparent genuineness of the sale, according to the public records in Polk County, without knowledge of any subterfuge, informity, or simulated deal, and without knowledge of any facts that would put a reasonable lender on notice of any simulated transaction attempting to place a lien on a valid homestead. The bank contends that the lien should be enforced.

We must stress that this is an appeal from a final summary judgment. We decide, under well-settled authority, that a material fact issue was raised, being a simulated transaction to impress a deed of trust lien on a homestead. We conclude that the affidavit of McSpadden at least raised a material issue when gauged by summary judgment practice. *Carter v. Converse*, 550 S.W.2d 322 (Tex.Civ.App.— Tyler 1977, writ ref'd n.r.e.); *Fuller v. Preston State Bank*, 667 S.W.2d 214 (Tex. App.—Dallas 1983, writ ref'd n.r.e.).

### The Bankruptcy Question

■ The Appellants' second point of error states that the trial court was wrong in granting Appellees' motion for summary judgment because the issue of whether the real property in question was the homestead of Loyd and Evelyn Moore was not litigated and settled, as a matter of law, in the bankruptcy court. We have reviewed the entirety of the bankruptcy proceeding in our record.

We perceive that an administrative proceeding was held in the Moores' bankruptcy case. No judicial hearing was held on the exemption of the Moores' homestead. The administrative proceeding was held by a clerk, not a judge or judicial officer. An official court reporter was not present.

Although probably some nature of notice was given to the bank, we perceive that that notice was not adequate. The notice did not adequately call attention to the bank that a homestead claim would be made in such a manner as to be superior to the bank's alleged lien.

The debtors in bankruptcy [Loyd J. Moore and wife, Evelyn M. Moore, d/b/a Down-Town Motor Co.] did not point out to the bankruptcy court that there was a deed

in existence, and recorded, conveying their homestead to the son of Evelyn, one Jerry McDonald.

We conclude the clerk does not have plenary power and jurisdiction to set aside a deed given by the Moores to Jerry McDonald. Indeed, Jerry McDonald was not a party to the bankruptcy. He was not listed as a creditor in the bankruptcy proceeding. The bankruptcy of Loyd J. Moore and wife, Evelyn M. Moore, d/b/a Down-Town Motor Co., was a proceeding wherein no trustee was appointed. There was no other meeting of the creditors except a first meeting.

*The Bankruptcy Schedules*

In the bankruptcy Schedule B–1.–Real Property, the debtors list 1.7 acres, more or less, in the E. Stephenson Survey, Polk County, Texas, as part of their real property and state to the court that the nature of their interest was from the deed dated May 13, 1970, from Emanuel Miller and wife, Leta Miller, to Loyd J. Moore and wife, Evelyn M. Moore, recorded in Vol. 245, page 525, et seq., Deed Records of Polk County, Texas, and a deed dated June 4, 1971, from Emanuel Miller to Loyd J. Moore and wife, Evelyn Moore, recorded in Vol. 256, p. 309, et seq., of the Deed Records of Polk County, Texas.

Under Schedule B–1.–Real Property, the debtors were required to specify all deeds and interest relating to the property owned in the E. Stephenson Survey. But they failed to inform the bankruptcy court of a deed given by them to Jerry McDonald dated November 7, 1979, and recorded in Vol. 379, p. 585, et seq., of the Deed Records of Polk County, Texas. The grantee of that deed was Jerry McDonald [also shown as Jerry W. McDonald]. The consideration was $10.00 cash and other good and valuable consideration and, also, one vendor's lien note in the sum of $33,-000., payable in monthly installments of $413.68 each. *The deed contained a general warranty. Nor did the debtors reveal to the bankruptcy court a certain deed of trust dated November 7, 1979, given by Jerry McDonald to J.C. McSpad-*

*den, to secure the $33,000. note wherein Jerry McDonald acknowledged that he was justly indebted to The First State Bank of Livingston, Texas, for that sum.*

We hold, under our record, and we conclude, *under the record shown before the bankruptcy court, that the clerk of that court did not have the power or jurisdiction to set aside the deed from Loyd and Evelyn Moore to Jerry McDonald since Jerry was not before him and since he did not have jurisdiction of Jerry in personam.* Nor did the clerk have jurisdiction, either summary or plenary, to set aside the deed and deed of trust to which Jerry was a signatory. There was certainly no adequate notice to the bank that there would be an attempt by the Moores to set aside the deed from them to their son, Jerry McDonald, or that the bankruptcy court would attempt to set aside the deed of trust from McDonald to McSpadden, which deed of trust was duly recorded in Vol. 137, p. 700, et seq., of the Deed of Trust Records of Polk County.

It must be borne in mind that the appeal, here, is from the granting of a motion for summary judgment and that the basic thrust of the Appellees' position is that the bankruptcy court's designation of this 1.7 acres as the debtors' homestead, acts, as a matter of law and by operation of law, to cancel the general warranty deed from Loyd and Evelyn Moore to their son, Jerry McDonald, and also to cancel the mortgage; that is, the deed of trust from McDonald to McSpadden. We cannot agree.

In the bankruptcy proceeding, the Moores made no attempt to set aside the deed to McDonald or to cancel the alleged lien created by the deed of trust. The bankruptcy proceeding was filed subsequent to the deed of McDonald. Under this record, the bankruptcy debtors did not act pursuant to *11 U.S.C.A., Sec. 522* (West 1979). We confidently rule that the doctrine of res adjudicata, collateral estoppel, doctrines of merger, plea in bar (claim preclusion), and plea of collateral estoppel (issue preclusion), do not apply to the case at bar because of the administrative proceeding held by the bankruptcy clerk, even though the Bankruptcy Judge later entered

a form order without any further hearing. This form order stated that the exempt property was set aside to the bankrupts, the Moores. The proper, necessary parties were not before the Bankruptcy Judge. McDonald and McSpadden were not before him. The Bankruptcy Judge did not have summary jurisdiction to cancel the deed and deed of trust in question. *Puga v. Donna Fruit Co., Inc.,* 634 S.W.2d 677 (Tex.1982). Also, no pleadings in the bankruptcy court attacked the validity of the deed from the Moores to Jerry or Jerry's deed of trust to McSpadden.

■ We decide minimum due process requires adequate notice to the bank that their deed of trust lien, flowing from Jerry McDonald, is to be totally canceled and held for naught and that the general warranty deed from Loyd and Evelyn Moore to Jerry McDonald is to be totally canceled and held for naught. Also, proper pleadings and a hearing are required. Even then, the bankruptcy court did not have jurisdiction of McDonald or McSpadden. The Moores did not apprise the bankruptcy court of all the facts and the bankruptcy court did not, and could not, act upon the general warranty deed into McDonald, and the deed of trust, in its administrative proceedings, no judicial officer being present and no true adversarial proceeding being held before a judge.

We think it is very significant that, in the bankrupts' Schedule A–3, entitled "Creditors Having Unsecured Claims Without Priority", that the bankrupts list an unsecured debt in the amount of $33,000. owed to the First State Bank of Livingston. This $33,000. debt is listed with this notation:

"money was borrowed from time of inception of Down-Town Motor Co. to time business was deceased in summer, 1983."

Since this unsecured $33,000. is the exact amount set out in Jerry's deed of trust to McSpadden, as being owed by Jerry to the bank, a reasonable inference would be to the effect that the Moores knew about Jerry's deed of trust on their alleged homestead. It is well-settled bankruptcy law that bankrupts take exempt property subject to any allegedly valid liens against the same. Hence, since Loyd and Evelyn, in their deed to Jerry, actually acknowledged that there was one vendor's lien note in the principal sum of $33,000., payable in monthly installments of $413.68 each and bearing interest at the rate of 11% per annum, they had actual notice of this vendor's lien against their alleged homestead tract. Under this set of circumstances, they had an affirmative obligation to apprise the bankruptcy court of this lien, which they totally failed to do. Furthermore, *11 U.S.C.A., Sec. 522(c)* (West 1979) states:

"(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, except—

"(1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title; or

"(2) a lien that is—

"(A) not avoided under section 544, 545, 547, 548, 549, or 724(a) of this title;

"(B) not voided under section 506(d) of this title; or

"(C)(i) a tax lien, notice of which is properly filed; and (ii) avoided under section 545(2) of this title."

We decide that the deed of trust in question is not avoided as a matter of law under *Sections 544, 545, 547, 548, 549 or 724(a)* and the said deed of trust lien is not totally void under *Sec. 506(d)* of the bankruptcy code.

Nothing in this opinion is to be construed to the effect that the Moores cannot fully plead and present their claim of homestead upon a remand. The judgment is reversed. The cause is remanded for a full hearing. We have found error and, as an additional ground for the reversal and remand, we reverse the judgment and remand the cause for a full hearing in the interest of justice.

REVERSED AND REMANDED.