# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

================================

## ON MOTION FOR REHEARING

================================

## NO. 03-05-00194-CV

**Hugh Beadles, Appellant**

**v.**

**Lago Vista Property Owners Association, Inc., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. 279022, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Hugh Beadles has filed a motion for rehearing.  We withdraw our earlier opinion and judgment, dated December 16, 2006, and substitute this opinion.  We overrule Beadles's motion for rehearing.

Beadles appeals the trial court's summary judgment in favor of Lago Vista Property Owners Association, Inc. (the Association), ordering Beadles to pay property assessments and attorney's fees.  Beadles contends that the trial court erred in determining that res judicata precluded his affirmative defenses and counterclaim.  He further argues that his affirmative defenses and counterclaim were not barred by limitations.  Finally, he contends that the summary judgment evidence presented by the Association was not competent.  Because we hold that Beadles's

counterclaim and affirmative defenses are precluded by res judicata and that the Association presented competent summary judgment evidence, we affirm.

**BACKGROUND**

This case concerns a housing development in Lago Vista that is governed and managed by the Association. The Association is a non-profit corporation organized under the laws of Texas and, therefore, must conform with the requirements of the Texas Non-Profit Corporation Act (the Act). *See* Tex. Rev. Civ. Stat. Ann. arts. 1396-1.01-11.02 (West 2003 & Supp. 2006). Property owners are required to belong to the Association and must pay maintenance fees assessed on each lot. The Association has the authority to buy and maintain community amenities and common areas. In 1992, the Association's board of directors amended the procedures through which Association members elect board members. Before the amendments, members were given one vote per lot owned, but the 1992 amendments changed the voting structure to a per capita structure, allowing one vote per member, regardless of how many lots the member owns.

Beadles began buying lots in the area in 1996 and now owns more than four hundred lots that are subject to the Association's restrictive covenants and assessments. He refused from the beginning to pay the assessments, and in 2000 the Association filed suit to recover the unpaid assessments for years 1996 through 2000. Rather than answer that suit, Beadles filed a declaratory judgment suit, seeking a declaration that the assessments were invalid because the 1992 amendment to the voting structure was illegal and because the restrictive covenants did not allow the Association to charge the fees. Specifically, Beadles argued that the per capita voting structure was illegal under the Act. The Association took a default judgment against Beadles in its suit and then moved for

2

summary judgment in Beadles's suit, asserting that his complaints were barred by limitations, that the default judgment was res judicata on Beadles's claims, and that, as a matter of law, its actions were allowed under the restrictive covenants. The Association also counterclaimed for unpaid assessments for 2000 and 2001 and attorney's fees. The trial court granted the Association's motion for summary judgment and its counterclaim.

Beadles appealed, arguing his claims were not barred as a matter of law, by limitations, or through res judicata. *Beadles v. Lago Vista Prop. Owners Ass'n, Inc.*, No. 03-02-00228-CV, 2002 Tex. App. LEXIS 7940, at *3-4 (Tex. App.—Austin Nov. 7, 2002, pet. denied) (not designated for publication) ("*Beadles I*"). We affirmed the trial court's judgment, and in so doing, considered Beadles's arguments related to the voting structure, observing that he bought his lots after the voting structure was amended and that he had at least constructive notice of the voting structure. *Id*. at *8-9. We addressed, albeit briefly, his argument that the Association's entire structure was illegal under the Act and, thus, each vote taken was an ongoing violation of law that defeated the running of limitations and concluded that the Act did not bar per capita voting. *Id*. We held that, having examined the Act, Beadles's argument that the Act does not permit per capita voting was "without merit," and that "[a]ny complaint regarding the change in voting procedures, therefore, arose from the procedure of amending and publishing them, which took place in 1992, more than four years before [Beadles] brought his complaint." *Id*. at *9.

After our decision in *Beadles I*, Beadles continued to assert that the Association's voting structure is illegal and violates the Act. He also refused to pay assessments made against his properties in 2002, 2003, and 2004. In 2004, the Association filed suit to collect those unpaid

assessments, as well as late charges, interest, and attorney's fees, stating that it had secured the unpaid assessments by a lien. Beadles answered with a counterclaim for declaratory relief and asserted affirmative defenses, again contending that the Association was illegally constituted due to the voting structure and thus lacked authority to make the assessments.[1] The Association filed a motion for summary judgment, arguing that Beadles's affirmative defenses and counterclaim, all based on the alleged illegality of the per capita voting structure, were barred by res judicata and the statute of limitations. The trial court granted the Association's motion for summary judgment without specifying the grounds on which judgment was granted and ordered Beadles to pay the assessments, interest, and attorney's fees.

## DISCUSSION

As a preliminary matter, the Association filed an affidavit stating that Beadles has paid the judgment in full and contending that because Beadles has completely satisfied his judgment debt, the appeal should be dismissed as moot. Beadles contends that the payment was made under protest, so the appeal is not moot. There is a dispute in the affidavits presented by the parties as to whether Beadles expressed an intent to proceed with his appeal at the time he paid the judgment. In his response to the Association's motion to dismiss, Beadles explains that he wanted to sell some of his property under the Association's lien and therefore had to pay the judgment to clear title for

---

[1] The motion for summary judgment, response to the motion, and the parties' appellate briefs all state that Beadles asserted a counterclaim seeking a declaration that the Association lacked authority to assess his property and was illegally elected and constituted. However, Beadles's original answer does not assert a counterclaim, but instead only asserts those arguments as affirmative defenses. Because this issue does not affect our discussion, we will proceed under the presumption that Beadles did in fact assert a counterclaim.

the sale. He attached an affidavit by his attorney averring that before the Association accepted Beadles's payment, the attorney told the Association's attorney that Beadles had tendered payment under protest and for the sole purpose of clearing title in order to sell the property. In response, the Association's attorney averred that "[p]rior to receiving [Beadles's] checks, I had no discussion with Hugh Beadles or any representative of Hugh Beadles with regard to the payment of the outstanding Judgment." Rather than parsing the details of timing or deciding between competing affidavits, we will follow the rule stated by the supreme court in *Miga v. Jensen*, that "payment on a judgment will not moot an appeal of that judgment if the judgment debtor clearly expresses an intent that he intends to exercise his right of appeal." 96 S.W.3d 207, 212 (Tex. 2002). We will consider the merits of Beadles's issues and we overrule the Association's motion to dismiss.

Beadles raises four issues on appeal. He contends that the trial court erred in determining that his affirmative defenses and counterclaim were precluded by res judicata or barred by limitations and in determining that the Association's summary judgment evidence was competent. We will address each in turn.

**Res Judicata**

Beadles contends that the trial court could not properly have granted the Association's motion for summary judgment on the basis that this Court's decision in *Beadles I* precluded consideration of his affirmative defenses and counterclaim under res judicata. He claims that res judicata does not apply because (1) any statement by this Court in *Beadles I* regarding the legality of the Association's voting structure was merely dicta, (2) the legality of the voting structure was not

5

actually litigated, and (3) the claims at issue in this cause do not arise from the same transaction as those already litigated.

"Res judicata" is used to refer to "related concepts concerning the conclusive effects given final judgments," and "[w]ithin this general doctrine, there are two principal categories: (1) claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral estoppel)." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992) (citing *Puga v. Donna Fruit Co.*, 634 S.W.2d 677, 679 (Tex. 1982)). Claim preclusion bars the relitigation of claims that have been finally adjudicated or should have been litigated in an earlier suit. *Id*. Issue preclusion bars the relitigation of "particular issues already resolved in a prior suit." *Id*. Res judicata bars later litigation if there is a prior final judgment on the merits by a court of competent jurisdiction, identity of parties or those in privity with them, and the later action is based on the same claims that were or could have been raised in the first action. *See Coalition of Cities for Affordable Util. Rates v. Public Util. Comm'n*, 798 S.W.2d 560, 563 (Tex. 1990); *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979).

We first address whether this Court's consideration of the Association's voting structure in *Beadles I* can be regarded as a judgment on the merits. *Beadles I* was a declaratory judgment action in which Beadles challenged the scope of the Association's discretionary authority and asserted that the Association's per capita voting structure was illegal and invalid under the Act, the same arguments Beadles raises in this cause. 2002 Tex. App. LEXIS 7940, at *1. This Court stated, "Beadles brought this declaratory judgment action in lieu of responding to the Association's collection suit for the 1996-2000 maintenance fee assessment." In addressing Beadles's declaratory

judgment action, this Court twice upheld the validity of the Association's voting structure, and in both instances this determination was necessary to our conclusions. *Id.* at *9, *22.

In the earlier suit, Beadles argued that because the per capita voting structure was illegal, each vote under the invalid voting procedure was part of an on-going breach that tolled the running of limitations. *Id.* at *8. Addressing this argument required a determination of whether the Act permits per capita voting, and we held that it did. *Id.* at *9 (Beadles maintained "that the Non-Profit Corporations Act does not permit *per capita* voting. Having examined the statute, we find this argument to be without merit."). We held, therefore, that any complaint regarding the voting structure arose from the amendment of the Association's voting procedures, which took place in 1992, more than four years before the action was brought, and so the statute of limitations barred the claim. *Id.* If this Court had determined that the voting procedures were not allowed under the Act, we would have had to address Beadles's claim of a continuing breach that would have tolled the statute of limitations. Our determination that the Act allows per capita voting answers the same argument asserted by Beadles in the cause before us now and was necessary to our holding that the statute of limitations barred Beadles's claim.[2]

---

[2] On rehearing, Beadles argues that the Court in *Beadles I* "did not make any decision regarding the legality of the by-laws amendment stripping members of the right to vote." *See Beadles v. Lago Vista Prop. Owners Ass'n, Inc.*, No. 03-02-00228-CV, 2002 Tex. App. LEXIS 7940 (Tex. App.—Austin Nov. 7, 2002, pet. denied) (not designated for publication). However, he also asserts that this Court's statement that "[h]aving examined the statute, we find this argument [that the Non-Profit Corporations Act does not permit per capita voting] to be without merit," *id*. at *9, was "totally unnecessary." In *Beadles I*, we held that any complaints related to the voting procedures amendment "arose from the procedure of amending and publishing them" and were time-barred. *Id*. Our conclusion that a per capita voting mechanism is not illegal under the Act was an essential part of our determination that Beadles's complaints related to the amendment and the procedure employed in passing it were barred by limitations. *See id*. In this case, Beadles again complains that the amendment was illegal, a complaint we disposed of in *Beadles I. See id*.

This Court also briefly considered the validity of the voting structure when we addressed Beadles's affirmative defense to the Association's counterclaim for unpaid assessments. *Id*. at \*22. We stated that we had already addressed the legality of the Association's voting structure and "resolved these issues against Beadles" and affirmed the award of assessments and attorney's fees. *Id.* It was necessary for the Court to determine that the Act allows per capita voting to affirm the judgment of the district court.

Beadles contends that because the trial court in *Beadles I* granted summary judgment in favor of the Association based on statute of limitations grounds, it did not consider whether the Association's voting structure complied with the Act. Therefore, he argues that his claim was not actually litigated. However, regardless of the trial court's decision, Beadles had a full opportunity to brief and litigate the Association's voting structure in this Court on that appeal. As we explained above, we determined that the Association's voting structure was valid after full briefing by both parties. We conclude that the issue was actually litigated.

Beadles claims that res judicata does not bar his claims because the underlying transaction in *Beadles I* was the failure to pay assessments for the years 1996-2000 while the underlying transaction for this suit is the failure to pay the 2002, 2003, and 2004 assessments. We disagree. We considered in *Beadles I* the same argument raised by Beadles in this cause, asking whether the Act bars the Association's per capita voting structure and holding that it does not. *Id*. at \*9, \*22. Our prior opinion inquired into and required a determination of the validity of the Association's per capita voting structure, and both actions involve the same parties. Therefore, res judicata applies to bar Beadles's claims. We overrule Beadles's first issue on appeal.

**Statute of Limitations**

In his first and second issues, Beadles contends that his affirmative defenses and counterclaim are not barred by the statute of limitations. Beadles argues that statutes of limitations generally do not apply to affirmative defenses. *See Villages of Greenbriar v. Torres*, 874 S.W.2d 259, 266 (Tex. App.—Houston [1st Dist.] 1994, writ denied). He also asserts that the assessments and the Association's lien on his property created a cloud on the title to his property and that his claim is not time-barred because a cause of action based on a cloud on title to real estate is not barred by limitations as long as the cloud exists. *See Texas Co. v. Davis*, 254 S.W. 304, 309 (Tex. 1923).

It is unnecessary for us to decide these arguments. When a trial court grants summary judgment without specifying the basis for its judgment, the appealing party must show that each ground asserted in the motion for summary judgment is insufficient to support the trial court's decision. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). We will affirm a summary judgment if it is supported by any one of the movant's theories. *Id.* Here, the trial court did not specify whether summary judgment was granted on the basis of res judicata or limitations. Because we have held that Beadles's claims are barred by res judicata, we need not determine whether the trial court could have granted summary judgment on limitations grounds. We overrule Beadles's first and second issues.

**Competent Summary Judgment Evidence**

In his final issue, Beadles claims that the Association did not produce competent evidence in support of its summary judgment motion. Specifically, he contends that the evidence

does not show that the assessments were authorized by the appropriate authority, arguing that the Association was not authorized to make assessments because its elections did not comply with the Act. Therefore, he asserts, the affidavit's identifications of the amounts owed are only legal conclusions.

We review the trial court's grant of summary judgment de novo, indulging presumptions and resolving doubts in favor of the non-movant, and taking evidence as true evidence favorable to the non-movant. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). To prevail on a summary judgment motion, the movant must offer admissible evidence proving that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A legal conclusion is insufficient to establish facts to support a motion for summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

Beadles admits that his lots are subject to recorded restrictive covenants that require him to be a member of the Association. He does not deny the Association's authority to collect assessments against him if its voting structure is in compliance with the Act. He claims only that the Association is not authorized to make assessments because its elections violate the Act. Before the trial court considered the Association's motion, this Court had already determined that the Association's elections did not violate the Act. *See Beadles I*, 2002 Tex. App. LEXIS 7940, at *9. Therefore, the evidence provided by the Association did not amount to mere legal conclusions but instead was competent summary judgment evidence to prove the sums accrued over the years. The Association provided sufficient evidence to support its summary judgment motion. We overrule Beadles's fourth issue.

10

**CONCLUSION**

Having overruled all of Beadles's issues on appeal, we affirm the trial court's granting of summary judgment.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and B. A. Smith*

Affirmed on Motion for Rehearing

Filed:  May 18, 2007

---

* Before Bea Ann Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).